# Bennett, Appellant, *v.* North Philadelphia Trust Company.

*Partnership—Individual and partnership indebtedness—Bankruptcy—Set-off.*

Where a person borrows money from a bank and gives to the bank a collateral note with securities "to secure the payment of any past, or of any future obligation" of the debtor, and at about the same time the bank makes loans on notes of a partnership of which the debtor is a member, and subsequently the firm and its individual members are declared bankrupts and default is made on the notes held by the bank, and thereafter the collateral accompanying the

collateral note is sold, realizing an amount in excess of such note, the bank may apply the excess of the proceeds to the payment of the partnership notes. There is nothing in the Federal Bankruptcy Act to forbid such application of the proceeds.

Where property is held in pledge as against a bankrupt, his trustee has no higher right to the property than the bankrupt, unless some reason of law or public policy provides otherwise.

Unless the bankruptcy law otherwise provides, the validity of a claim is to be determined in accordance with the principles of the local law.

Argued Dec. 14, 1916. Appeal, No. 271, Oct. T., 1916, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., March T., 1916, No. 4886, for defendant on case stated in suit of William H. B. Bennett, Trustee of the Estate of H. W. Thomas and Edgar T. Hill, individually and trading as Edgar T. Hill & Co. v. North Philadelphia Trust Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Case stated to determine the application of the proceeds of sale of securities accompanying a collateral note. Before McMICHAEL, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment for defendant.

*Nathaniel I. S. Goldman,* with him *J. Howard Reber,* for appellant.—In the case at the bar, the defendant is attempting to use the surplus of the proceeds held by it in trust for the individual estate of H. W. Thomas as a set-off against money due it from the partnership estate of Edgar T. Hill & Company. In other words, the bank is attempting to charge to one entity, the individual entity of H. W. Thomas, the debts of another' entity, the partnership entity of Edgar T. Hill & Company. This cannot be done: Gray v. Rollo, 18 Wall. 927; 4 A. B. R., In re T. M. Lesher & Son, 25 A. B. R. 218; In re Neader-

thal & Co., 34 A. B. R. 542; Flatau & Stern, 21 A. B. R. 352; Alvord v. Ryan, 32 A. B. R. 1; Morris v. Windsor Trust Co., 33 A. B. R. 283.

*J. Raymond Peck,* of *Peck, Shields & Clark,* for appellee.—The debt due from the North Philadelphia Trust Company to H. W. Thomas, representing the balance remaining after the sale of collateral and extinguishment of the Thomas note, may legally be set off against the debt owed the Trust Company by the firm of Edgar T. Hill and Company, H. W. Thomas being one of the partners composing said firm : Hallstead v. Coleman, 143 Pa. 352; Lesher & Son, 176 Fed. 650.

It is submitted that the present case is not excluded from coming under Section 68a, by the provisions of subsection (b).

Since a member of a partnership is liable for all of the partnership debts, a debt against the partnership is provable against the individual estate of the bankrupt member: Collier on Bankruptcy, 129; In re Webb, Fed. Case 17317; Wilkins v. Davis, Fed. Case 17664; In re Frear, Fed. Case 5074; Matter of L. Hee, 13 Am. Br. Rep. 8; In re Bates, 100 Fed. Rep. 263.

The words, "any past or future obligation of the undersigned," as used in a collateral note, include the legal obligation of a partner to pay partnership debts.

OPINION BY WILLIAMS, J., March 16, 1917:
Edgar T. Hill and H. W. Thomas were copartners, trading under the firm name of Edgar T. Hill & Co. August 26, 1914, Thomas 'borrowed $1,900 from defendant and gave a collateral note, pledging securities therefor, which contained the usual clause that the securities "shall be applicable......to secure the payment of any past or of any future obligation of the undersigned held by the holders of this obligation."   About the same time Edgar T. Hill & Co., for a consideration, endorsed and delivered to defendant a note for $200, of which W. C.

Brady was the maker, and on September 8, 1915, borrowed from defendant $225, and gave its note therefor. November 1, 1915, the firm and its individual members became involuntary bankrupts, and default was made on both of the notes which represented the partnership obligation. Plaintiff became trustee for the individuals and the firm. December 15, 1915, defendant sold the collateral on the $1,900 note realizing $2,368, and, after applying part to the payment of the note, there remained a balance of $431, which was set off by defendant against a balance of $413.03 due on the two firm obligations.

Did the defendant properly use the balance, belonging of right to H. W. Thomas as an individual, as a set-off against the amount of the two notes which was due from the firm?

Where property is held in pledge as against a bankrupt, his trustee has no higher right to the property than the bankrupt unless some reason of law or public policy provides otherwise: Davis v. Billings, 254 Pa. 574; see also, Hewit v. Berlin Machine Works, 194 U. S. 296. Unless the bankruptcy law otherwise provides, the validity of a claim is to be determined in accordance with the principles of the local law: Humphrey v. Tatman, 198 U. S. 91. The liability of a partner in this State is joint and several: Hallstead v. Coleman, 143 Pa. 352. As Thomas was liable as an individual to pay the amount of the firm's indebtedness, the set-off was properly made unless there is something in the bankruptcy act forbidding it. Section 68b of the act provides, inter alia: "A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which is not provable against the estate......." A set-off under this section includes any debt provable in bankruptcy: Germania, Etc., Co. v. Loeb (C. C. A.), 188 Fed. 285; and where the liability of a partner is joint and several, a partnership debt is provable against a partner's individual estate: Matter of L. Hee, 13 Am. B. R. 8. It is not a preference under the act: In re Searles, 200 Fed. 893. The distinction be-

tween this and the cases cited by appellant is shown by In re Shults, 132 Fed. 573, at page 575.

Under the terms of the pledge the collateral was to stand as security for any obligation of Thomas held by the defendant. He was liable on the firm notes as well as his own. The only trust attached to the balance under the collateral agreement was the duty to apply it to satisfy any "obligation" due the bank from Thomas.

The judgment is affirmed.