THE CITY HALL BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, A CORPORATION, PLAINTFF-APPELLEE, v. STAR CORPORATION, A NEW JERSEY CORPORATION, DEFENDANT, AND IRA BELL, DEFEND-ANT-APPELLANT.

Argued February 10, 1933—Decided April 28, 1933.

For the defendant-appellant, *Benjamin Newman*.

For the plaintiff-appellee, *William Greenfield*.

The opinion of the court was delivered by

HEHER, J. On July 8th, 1929, defendants executed and delivered to plaintiff their joint bond, conditioned for the payment of the principal sum of $85,000 in monthly installments, with interest. It provided that should there be a default in the making of any monthly payment, as therein provided, for a period of three months, the balance of the principal sum should become immediately due and payable. The corporate defendant, at the same time, executed and delivered to plaintiff, as security for the payment of the bond, a mortgage upon lands therein described. There was a default, and foreclosure proceedings were instituted. On September 29th, 1931, the mortgaged lands were sold at a sheriff's sale, pursuant to the direction of the final decree entered in the foreclosure proceedings, to plaintiff for $200. This action was brought on the bond to recover the deficiency, $84,279.07.

Appellant, Bell, answered that on November 17th, 1930, he was adjudicated a bankrupt under the acts of congress relating to bankruptcy, and was discharged on March 30th, 1931; that the claim of plaintiff upon said bond and mort-

gage was duly scheduled; that it had knowledge of the bankruptcy, and that in the circumstances plaintiff is barred from recovery upon its said debt. A copy of the discharge was attached to the answer. He was thereby discharged from all debts and claims made provable by the Bankruptcy act against his estate, and which existed on November 17th, 1930, the day of the filing of the petition for adjudication, excepting such debts as were by law excepted from the operation of a discharge in bankruptcy.

On plaintiff's motion, this defense was struck out as frivolous, and judgment final was entered against appellant for the amount of the deficiency. It is plaintiff's contention that, at the time of the adjudication and discharge, there was no fixed or provable debt owing from appellant to plaintiff, and that the debt or obligation in suit was not discharged.

Counsel's argument is that a default had not occurred at the time of the filing of the petition and the adjudication, and did not occur until April, 1931; that appellant's undertaking was one of mere suretyship; that "there was nothing due" to plaintiff from the bankrupt at the time of the filing of the petition, and that it was impossible to ascertain as of that date the sum due from him, and plaintiff therefore did not have a provable debt or claim within the intendment of the Bankruptcy act. This argument is predicated upon an unwarranted assumption of facts. Plaintiff's complaint alleges that appellant and the corporate defendant jointly executed the bond to plaintiff, and there is no allegation of suretyship. The affidavit submitted by plaintiff on the motion to strike sets forth that both defendants applied for and obtained the loan from plaintiff, and that they defaulted. An affidavit submitted by Bell stated that a default had occurred prior to the filing of the petition and the adjudication, and continued until the filing of the foreclosure bill in June, 1931. This statement stands uncontradicted. But it is unnecessary to pursue this further. The factual situation thus assumed and the case made by the complaint and the affidavits call for the application of the same legal principles and rules, and with like result.

Section 17 of the Bankruptcy act (11 *U. S. C. A.*, § 35) provides that a discharge in bankruptcy shall release a bankrupt "from all of his provable debts," with certain exceptions, none of which is here involved. A discharge in bankruptcy discharges the bankrupt from all such debts as were, under section 63 of the act (11 *U. S. C. A.*, § 103), provable against his estate in bankruptcy, excepting such as fall within the exceptions of section 17. *Crawford* v. *Burke,* 195 *U. S.* 176; 25 *Sup. Ct.* 9; 49 *L. Ed.* 147; *Tindle* v. *Birkett,* 205 *U. S.* 183; 27 *Sup. Ct.* 493; 51 *L. Ed.* 762. Section 1 (11) provides that " 'debt' shall include any debt, demand, or claim provable in bankruptcy." 11 *U. S. C. A.*, § 1.

Subdivision (a) of Section 63 provides that debts of the bankrupt may be proved and allowed against his estate which are "(1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date, or with a rebate of interest upon such as were not then payable and did not bear interest;" and "(4) founded upon an open account, or upon a contract, express or implied." Subdivision (b) provides that "unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

"Provable" means "susceptible of being proved." *Crawford* v. *Burke, supra; Tindle* v. *Birkett, supra.* Section 63 should be so construed as to make all debts fairly within its meaning provable debts, in order to effectuate the purpose of the act in relieving insolvent debtors, and any doubt whether a debt is provable, or whether it is an unliquidated demand which may be made provable, should be resolved in favor of its provability. *Dycus* v. *Brown,* 135 *Ky.* 140; 121 *S. W. Rep.* 1010; 28 *L. R. A.* (*N. S.*) 190. Exceptions to the operation of a discharge under this act should be confined to those plainly expressed. *Gleason* v. *Thaw,* 236 *U. S.* 558; 35 *Sup. Ct.* 287; 59 *L. Ed.* 717.

Within the intendment of the law provable debts include

all liabilities of the bankrupt founded on contract, express or implied, which, at the time of the bankruptcy, were fixed in amount or susceptible of liquidation. *Williams* v. *United States Fidelity Co.*, 236 *U. S.* 549; 35 *Sup. Ct.* 289; 59 *L. Ed.* 713; *Murphy* v. *Nicholson*, 87 *N. J. L.* 278. A discharge bars "provable" "debts, demands or claims." A contractual relation merged into a debt, demand or claim that could be "proved" at the time of the bankruptcy is discharged. 7 *Remington on Bankruptcy* (3d ed.) 3451.

The validity of a claim is to be determined in accordance with the principles of the local law. *Heyward* v. *Goldsmith*, 269 *Fed. Rep.* 946; *Bennett* v. *North Philadelphia Trust Co.*, 66 *Pa. Super. Ct.* 261. In this state a mortgage is a mere security for the payment of the debt evidenced by the bond, *Marshall's Executors* v. *Hadley*, 50 *N. J. Eq.* 547; *Stewart* v. *Fairchild Baldwin Co.*, 91 *Id.* 86. Plaintiff was therefore a "secured creditor," within the meaning of section 57 of the Bankruptcy act (11 *U S. C. A.*, § 93). This section provides (a) that the proof of claim made by the creditor shall set forth the claim, "and whether any, and, if so what, securities are held therefor * * *;" (e) that claims of secured creditors shall be allowed for such sums only as to the courts seem to be owing over and above the value of their securities; and (h) that the value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance.

The discharge does not operate to cast off good and valid liens given or acquired for the debts, either liens by contract or by legal proceedings, nor to prevent their enforcement. It is purely personal to the bankrupt. 7 *Remington on Bankruptcy* (3d ed.) 3449.

Appellant's liability was therefore fixed, and was evidenced by an instrument in writing. It was a liability for the whole

amount of the debt evidenced by the bond. It was absolutely owing at the time of the filing of the petition. It was a provable claim whether then payable or not. The fact that the value of the security was then undetermined is immaterial. The debt, though collectible out of the property mortgaged by virtue of the mortgage, is, as to any deficit, a provable debt existing at the date of the filing of the bankruptcy petition, precisely as any other secured debt. Such claims have been held provable in this federal district. *In re Morgan,* 39 *Fed. Rep.* (2d) 489; *In re McAusland,* 235 *Id.* 173.

It follows, therefore, that on the showing made, plaintiff's application should have been denied. The rule is that where the bankrupt is sued on a debt existing at the time of the filing of the petition, the introduction of the order of discharge makes out a *prima facie* defense, and the burden is then cast upon the plaintiff to show that, because of the nature of the claim, failure to give notice, or other statutory reason, the debt sued on was by law excepted from the operation of the discharge. *Kreittein* v. *Ferger,* 238 *U. S.* 21; 35 *Sup. Ct.* 685; 59 *L. Ed.* 1184; *Claflin* v. *Wolff,* 88 *N. J. L.* 308; 96 *Atl. Rep.* 73; *Thompkins* v. *Williams,* 206 *N. Y.* 744; 100 *N. E. Rep.* 1134; affirming opinion in 122 *N. Y. Supp.* 152; *Van Norman* v. *Young,* 228 *Ill.* 426; 81 *N. E. Rep.* 1060.

But, assuming that appellant was a mere surety, the claim was provable, and was therefore discharged.

The liability of the bankrupt as endorser or surety, upon his contract of endorsement or suretyship, is a provable debt, although default has not been made by the principal until after the filing of the bankruptcy petition, or until after adjudication, or until after the expiration of the statutory period fixed for filing claims; for it constitutes at least a "demand" or "claim" even were it not a debt. Although the omission of any reference to contingent claims in section 63 of the Bankruptcy act has led to some confusion and uncertainty in the decisions, it is now settled that claims founded upon contract, which at the time of the bankruptcy are fixed in amount or susceptible of liquidations, may be proved under

subdvision (a) (4) of that section, although not absolutely owing when the petition is filed. *Maynard* v. *Elliott*, 283 *U. S.* 273; 51 *S. Ct.* 390; 75 *L. Ed.* 1028; *Williams* v. *United States Fidelity Co., supra; Central Trust Co.* v. *Chicago Auditorium*, 240 *U. S.* 581; 36 *S. Ct.* 412; 60 *L. Ed.* 811; *Moch* v. *Market Street National Bank*, 107 *Fed. Rep.* 897.

The judgment under review, and the order striking out the answer, will therefore be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 11.