445 So.2d 649 (1984)
Vance J. SILTZER and Joann A. Siltzer, Appellants,
v.
NORTH FIRST BANK, a Florida banking corporation, Appellee.
No. 83-1402.
District Court of Appeal of Florida, Second District.
February 15, 1984.
*651 Roger L. Waltemyer of O'Halloran & Johnson, North Fort Myers, for appellants.
Gordon R. Duncan of Alderman & Gerald, P.A., Fort Myers, for appellee.
HOBSON, Acting Chief Judge.
Appellants, plaintiffs below, seek reversal of a final judgment entered in favor of appellee, defendant below. Appellee cross-appeals seeking reversal of the trial court's order denying appellee's motion for attorney fees. We affirm both the final judgment and the lower court's order denying appellee's motion for attorney fees.
In 1978, appellant, Vance Siltzer, as President of Gator Sports Center, Incorporated ("Gator Sports"), negotiated a loan of $25,524.45 with appellee. The loan agreement was evidenced by an "Installment Loan, Disclosure Statement and Security Agreement" ("note") and a real property mortgage. The note granted appellee a security interest in:
All inventory, equipment, furniture, fixtures, accounts receivable, and contract rights now held or hereinafter acquired together with proceeds of same. Also, a second mortgage on residence, assignment of stocks, assignment of I.D.S. certificate, and assignment of life insurance policy.
Appellants began having financial difficulties, and in February 1981 they closed Gator Sports and ceased doing business. A short time thereafter, Mr. Siltzer filed a Chapter 7 bankruptcy petition. In March 1981, the trustee in bankruptcy filed a notice of abandonment of estate property. The property abandoned included: furniture, fixtures, accounts receivable, inventory and equipment, contract rights, second mortgage on homestead claimed exempt. Upon abandonment, appellee moved to protect its security interest in the inventory of Gator Sports. On April 2, 1981, appellee, at a private sale, sold the inventory of Gator Sports for $5,000. On April 3, 1981, appellee mailed a letter to Mr. Siltzer informing him of the terms of the sale and that the proceeds were applied to the balance due under the note. Appellee did not attempt to liquidate the other items of collateral or to foreclose on the real estate mortgage.
On September 9, 1981, this action was commenced, when appellants filed a complaint seeking a declaratory judgment. In their complaint, appellants alleged that because appellee did not adhere to the notice requirements of chapter 679, Florida Statutes (1981), in selling the inventory of Gator Sports, the appellants were not obligated to make any further payments on the second mortgage. A nonjury trial resulted in favor of the appellee. The final judgment contained the following findings of fact:
THIS CAUSE having been argued to the Court, and after a final evidentiary hearing, the Court finds that the credit due the Plaintiff-borrowers from the repossession and sale of the personal property is governed by the general equitable principles governing foreclosure of mortgages, and not by the U.C.C. because real estate mortgages are excluded from the U.C.C. The Court further finds that, in light of the first finding and under the circumstances existing at the time, the sale of personal property was for a reasonable price. The Court further finds that there was neither formal nor actual notice to the Plaintiff-borrowers by the Defendant-lender of the sale of the personal property. Accordingly, it is
ORDERED AND ADJUDGED that judgment shall be for Defendant, that the Plaintiff-borrower should be credited only with the amount actually received from the sale of the personal property, and that the real estate mortgage shall remain in full force and effect, and that Plaintiffs shall pay the costs of this cause in the amount of $481.50.
The trial court apparently found that appellee's actions in liquidating the collateral were not inequitable and granted judgment for the appellee. The trial court then ordered the loan balance reduced by the amount received from the sale of the inventory and concluded that the real estate *652 mortgage would remain in full force and effect. Appellee then filed a motion for costs and attorney fees and thereafter an order granting appellee's motion for costs and denying appellee's motion for attorney fees was rendered.
Although we agree with the trial court's conclusion that the real estate mortgage should remain in full force and effect, we cannot agree with its finding of fact that "the credit due the Plaintiff-borrowers from the repossession and sale of the personal property is governed by the general equitable principles governing foreclosure of mortgages not by the U.C.C. because real estate mortgages are excluded from the U.C.C."
As appellants argue, because section 679.102(1)(a), Florida Statutes (1981), applies "[to] any transaction ... which is intended to create a security interest in personal property or fixtures ...," and the collateral under the note which was sold was inventory in Gator Sports, principles of the Uniform Commercial Code ("U.C.C.") apply. Thus, appellants argue that the notice provisions set out in section 679.504(3),[1] Florida Statutes (1981), require appellee to give notice of the sale to appellants. We agree. We also agree with appellants that the failure of a secured party (appellee) to comply with the U.C.C. notice provision bars that creditor from obtaining a deficiency judgment following the repossession and sale of collateral. Turk v. St. Petersburg Bank & Trust Co., 281 So.2d 534 (Fla. 2d DCA 1973). However, appellants further assert that by applying this principle to this case, appellants are not obligated to make further payments on the note and the appellee is prohibited from disposing of the remaining collateral, specifically, their residence. With this assertion, we disagree.
First, appellee's failure to comply with the requirements of the U.C.C. by failing to notice appellants of the inventory sale only affects personalty and does not affect the rights of the mortgagee. Continental Center, Inc. v. Walter E. Heller & Co. of Florida, 415 So.2d 751 (Fla. 3d DCA 1982).[2] The second mortgage as collateral under the note is not governed by the U.C.C. principles, but by general equitable principles governing foreclosure of mortgages.
Second, although no deficiency judgment has been sought by the appellee, there is no doubt that the principle announced in Turk applies to this case. *653 Thus, appellee's failure to notice bars the appellee from ever obtaining a deficiency judgment as a result of the sale of personalty under the note. However, the fact that this deficiency judgment is now unavailable to the appellee does not preclude the appellee from disposing of the remaining collateral. This is true even if the debtor obtained a general discharge in bankruptcy, because the discharge in bankruptcy does not extinguish the debt but merely renders it unenforceable against the debtor. Helms v. Holmes, 129 F.2d 263 (5th Cir.1942); 1A Collier on Bankruptcy, ¶ 17.27 at p. 1719 (14th Ed. 1978). Thus, the underlying obligation survives and supports the consensual lien on other assets of the debtor. First State Bank v. Zoss, 312 N.W.2d 127 (S.D. 1981); City Hall Building & Loan Association of Newark v. Star Corp., 110 N.J.L. 570, 166 A. 223 (1933); 1A Collier on Bankruptcy, ¶ 17.29 at p. 1742.74 (14th Ed. 1978).
This is precisely the case in the present instance. While it is clear that the secured party (appellee) did not comply with the U.C.C. notice provisions, the appellee holds a valid consensual lien secured by the appellant's real property mortgage and therefore is entitled to proceed against the second mortgage on appellants' residence, in spite of the fact that it cannot proceed for a deficiency judgment upon default of the loan. Thus, in order for the appellants to protect the possible foreclosure on their residence, payments on the note must continue.
As to appellee's cross-appeal, we affirm the trial court's order denying attorney fees. Under the terms of the mortgage, attorney fees would be owed by the mortgagors "because of the failure on the part of said mortgagors to perform, comply with, and abide by each and every of the stipulations, conditions, and covenants of said promissory note and this deed... ." The mortgage further provides that the terms and conditions of the promissory note are incorporated in the mortgage. The note provides that the makers shall be liable for the principal and interest "together with the costs of collection, including attorney's fees equal to ten percent of the principal sum or such larger amounts as may be reasonable and just if collected by legal proceedings or through an attorney at law." Further, the guarantee of payment contained in the note provides that the guarantors:
unconditionally guarantee(s) the payment of the note on the reverse side hereof and any extensions or renewals thereof, and all expenses (including attorney's fees) incurred in the collection thereof, the enforcement of rights under any security therefor and the enforcement hereof... .
Because appellee made no claim at any time that appellants failed to fulfill any requirements under the mortgage or note, the appellants are not liable for attorney fees under the attorney fee provision of the mortgage or the collection clause in the note.
Although an award of attorney fees might have been entered pursuant to the ambiguous wording of the attorney fee provision included in the boilerplate of the guarantee of payment clause contained in the note, a close reading of this provision would not require the imposition of attorney fees in a declaratory judgment action brought by appellants. Our position is supported by the well-recognized principle that the decision of the lower court comes to this court clothed with a presumption of correctness. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959); Anderman v. Miller, 359 So.2d 472 (Fla. 3d DCA 1978).
Accordingly, with the exception of the trial court's finding that the sale of appellants' personal property was governed by general equitable principles rather than by U.C.C. principles, we affirm both the final judgment and the lower court's order denying appellee's motion for attorney fees.
AFFIRMED.
BOARDMAN and RYDER, JJ., concur.
NOTES
[1] Section 679.504, Florida Statutes (1981), provides in pertinent part:

(3) ... Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a conspicuous statement renouncing or modifying his right to notification of sale and, except in the case of consumer goods, to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this state.
[2] Although not cited by either party, we are guided, in part, by our sister court's decision in Continental Center, Inc. In that case, appellant raised the defense, in a foreclosure proceeding initiated by the creditor, that as a debtor it was entitled to notice within the meaning of section 679.501(3), Florida Statutes (1979), of the sale of the inventory. This inventory, along with a mortgage, secured a promissory note. The court rejected this argument, stating that section 679.504(3), Florida Statutes (1979), and section 679.501(3)(b), "deal with the sale of personalty as collateral and do not effect Heller and Company's right as a mortgagee." The court implicitly held that the failure to notice the debtor of the sale of inventory did not affect the validity of a foreclosure proceeding on the remaining collateral. However, in Continental Center, Inc., the issue of the consequences of the failure to notice was not addressed and apparently was not recognized because the deficiency judgment resulting from the sale of inventory was allowed (albeit reduced due to the commercial unreasonableness of the sale). Thus, although we are in agreement with the court's treatment of the inapplicability of the provisions of the U.C.C. to mortgages held as collateral under a promissory note, we are convinced that under Florida law a deficiency judgment cannot be obtained after there has been a failure to notice the debtor of the sale of personalty.