584 So.2d 205 (1991)
FORD MOTOR CREDIT COMPANY, a corporation, Appellant,
v.
Thomas Ellis JONES and Barbara E. Jones, Appellees.
No. 90-03591.
District Court of Appeal of Florida, Second District.
August 16, 1991.
Eliot H. Ginsberg of Law Offices of Marvin Solomon, Tampa, for appellant.
Ellen S. Masters of Richard D. Mars, P.A., Bartow, for appellees.
FRANK, Judge.
This appeal originates in a summary judgment entered against Ford Motor Credit Company (Ford Credit). Ford Credit contends a genuine issue of material fact exists regarding the commercial reasonableness of its disposition of a collateralized automobile repossessed from the Joneses. We agree and reverse.
In May of 1987, Thomas and Barbara Jones purchased a 1987 Ford Crown Victoria. They financed part of the purchase price by executing a retail installment contract in the amount of $21,419.40. The contract was assigned to Ford Credit. After a year, the Joneses defaulted on the obligation. Barbara Jones had possession of the car. A notice of repossession and right to redeem were sent in March, 1989, certified mail, to their former marital home, which had become Barbara's exclusive residence. Upon the receipt of such notice, Barbara surrendered the vehicle. The notice to Thomas was returned to Ford Credit undelivered. On April 19, 1989, the vehicle was sold at private sale for $6,400. The proceeds of the sale were applied to the remaining debt. On May 10, 1990, Ford Credit filed a complaint pursuant to section 679.504(2), Florida Statutes (1985), alleging a deficiency of $7,338.83.
On June 11, 1990, the clerk of the trial court entered a default against Barbara for failing to file an answer to the complaint. Thomas, however, answered the complaint and moved for summary judgment on the grounds of insufficient notice of repossession and right to redeem. The trial court granted his motion concluding that Thomas "did not receive reasonable notification of the plaintiff's intention to dispose of the collateral." The trial court denied Ford Credit's motion for rehearing.
The elements essential to the question of commercial reasonableness of a sale of collateral are set forth in the notice provision of chapter 679, Florida Statutes:

*206 [E]very aspect of the disposition [of collateral] including the method, manner, time, place, and terms must be commercially reasonable.
... reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor... .
§ 679.504(3), Fla. Stat. (1985).
Our research reveals that the most recent decision of this court passing upon the issue of commercial reasonableness is Siltzer v. North First Bank, 445 So.2d 649 (Fla. 2d DCA 1984). In Siltzer we adhered to Turk v. St. Petersburg Bank & Trust Co., 281 So.2d 534 (Fla. 2d DCA 1973), in which we expressed the view that the failure of a secured creditor to comply with the UCC notice provision bars that creditor from obtaining a deficiency judgment following repossession and sale of collateral. Subsequent to Siltzer the Supreme Court determined that notice is an integral aspect of whether a secured creditor's disposition may ultimately be deemed "commercially reasonable." Landmark First Nat. Bank of Fort Lauderdale v. Gepetto's Tale O' The Whale of Fort Lauderdale, Inc., 498 So.2d 920, 922 (Fla. 1986). The failure of a secured creditor to dispose of collateral in a commercially reasonable manner, however, does not foreclose such creditor from seeking a deficiency judgment. Weiner v. American Petrofina Marketing, Inc., 482 So.2d 1362 (Fla. 1986). Weiner further provides that:
Where it has been determined that a secured party has disposed of collateral in a commercially unreasonable manner, there will arise a presumption that the fair market value of the collateral at the time of repossession was equal to the amount of the total debt that it secured. The burden to prove that the fair market value of the collateral was less than the debt will be upon the secured party. If the secured party meets this burden, he will be allowed to recover a deficiency judgment in an amount equal to the total debt minus the fair market value of the collateral as ultimately determined.
482 So.2d at 1365.
Thus, the failure to provide reasonable notice, alone, will not preclude a secured creditor from seeking a deficiency judgment. Williams v. Kloeppel, 537 So.2d 1033 (Fla. 1st DCA 1988), rev. denied, 545 So.2d 1367 (Fla. 1989). Rather, the disposition of collateral without advance notice merely generates the "rebuttable presumption" contemplated by Weiner. If the secured creditor is able to overcome the presumption by showing that fair market value for the collateral was achieved and that the proceeds of the sale were less than the debt, and if no other defenses are asserted and proven, the secured creditor is entitled to a deficiency judgment. See CSI Services, Ltd. v. Hawkins Concrete Const. Co., 516 So.2d 337 (Fla. 1st DCA 1987); see generally, Adler v. Key Financial Services, Inc., 553 So.2d 284 (Fla. 3rd DCA 1989).
Accordingly, the trial court erred in finding the absence of a genuine issue of material fact in resolving the question of whether the notice to Thomas was commercially reasonable.
We reverse and remand for further proceedings consistent with this opinion.
DANAHY, A.C.J., and CAMPBELL, J., concur.