562 F.2d 19
 22 UCC Rep.Serv. 850
 George BARBOUR and Charlene Barbour, his wife, Appellees,
v.
UNITED STATES of America, Appellee,
The Troy State Bank and Gordon Hinde, Appellants.
UNITED STATES of America, Appellee,
v.
George BARBOUR and Charlene Barbour, his wife, Appellants.
 Nos. 75-1206 and 75-1207.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 24, 1977.
 
 Eugene W. Hiatt and Kenneth F. Crockett, of Hiatt, Crockett, Hiatt & Carpenter, Topeka, Kan., for George Barbour and Charlene Barbour.
 John S. May, of May & Tuley, Atchison, Kan., for appellants, The Troy State Bank and Gordon Hinde.
 Richard A. Olderman, Civ. Div., App. Section, Dept. of Justice, Washington, D. C. (E. Edward Johnson, U.S. Atty., and Richard L. Meyer, Asst. U.S. Atty., Topeka, Kan., on the brief), for appellee, United States of America.
 Before SETH, HOLLOWAY and BARRETT, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 The United States, the Small Business Administration, brought suit on a promissory note against George Barbour and his wife for a deficiency judgment. The SBA had sold the equipment of defendants which was the security for the note. This action was tried to a jury, and the SBA recovered a judgment. The defendants Barbour appeal this judgment.
 
 
 2
 The Barbours filed a counterclaim (and also a separate action) against the Government, against the Troy State Bank which had made the loan guaranteed in part by the SBA, and against the president of the bank. This counterclaim alleged that the SBA improperly foreclosed in that it had failed to sell the equipment which secured the note in a "commercially reasonable manner." It also asserted a claim against the Troy State Bank and its president, Gordon Hinde, for fraud.
 
 
 3
 The cause asserted against the Government in the counterclaim was tried to the court which used the jury in an advisory capacity. Judgment was awarded the Barbours against the Government for the damages resulting from the improper foreclosure. These were set off against the deficiency judgment. The Government appeals.
 
 
 4
 The Barbours' fraud claim against the bank and Hinde was tried to a jury which returned a verdict for the Barbours. The Barbours were also awarded a judgment against the Bank and Gordon Hinde in the amount of $5,000.00 actual damages and $10,000.00 punitive damages. The bank and Hinde appeal from this judgment.
 
 
 5
 The bank and Hinde did not assert in their pleadings nor during the trial any claim against the Barbours nor against the Government. The Government has refused to divide the deficiency judgment with the bank on the basis of the loan participation or any other basis.
 
 
 6
 The court found, in the counterclaim by the Barbours against the SBA, that the sale of the security was not made in a "commercially reasonable" manner. The remedy by the borrowers was sought under K.S.A. 84-9-507(1) for the noncompliance with K.S.A. 84-9-504(3). The remedy was thus sought under the Uniform Commercial Code. There was adequate evidence before the trial court to support its findings and conclusions. It is not necessary to detail the evidence other than to mention that the sale of be held on December 12th was advertised in the Topeka, Kansas City, and St. Joseph papers on December 7th and in the Kansas City paper on December 11th. The sale was advertised as a sale of separate items of equipment, but was sold as a single item for $20,000.00 to a person whose purchase was financed by a SBA loan. A part of the security was a lease on a quarry site where the Barbours were engaged in quarrying limestone. The lease was allowed by the SBA to expire.
 
 
 7
 The Barbours were thus credited by the SBA with $20,000.00 as the liquidation of the security. The record shows that in the previous June the SBA had valued the equipment at $89,331.00, and the quarry lease at $70,000.00. The bank had valued the equipment shortly before making the loan at $138,000.00, and the quarry lease at $50,000.00. The loan was made in August. Thus on this basis the court entered judgment for damages to the Barbours in the amount of.$85,350.00 on their counterclaim against the Government for the SBA's failure to make a "commercially reasonable" disposition of the security. This was, as indicated above, supported by the evidence, and we affirm this judgment.
 
 
 8
 The Barbours appeal the award of a deficiency judgment against them to the SBA on the promissory note. They assert that the failure to properly foreclose precludes a recovery of a deficiency judgment in any amount. We hold, however, that the trial court was correct in entering the deficiency judgment in the amount it did, and also allowing the setoff of the damage judgment.
 
 
 9
 As indicated, the transaction was entered into pursuant to the Uniform Commercial Code as adopted in Kansas. There appear to be no Kansas state court decisions on the question whether a deficiency judgment may be entered under these circumstances. There is some difference of opinion in other jurisdictions as to the right to a deficiency judgment where the foreclosure was improper.
 
 
 10
 We are of the view that the UCC remedy provided in K.S.A. 84-9-507(1) for noncompliance with section 9-504(3) precludes the borrowers from setting up a bar to a deficiency judgment. The UCC makes no mention of a denial of a deficiency judgment, and does prohibit what are called in section 1-106(1) "penal damages." It seems reasonable that there be recovery on the basic debt in the usual way and in accordance with the terms of the note. If the borrowers have suffered damages by reason of the wrongful foreclosure under section 9-504(3), the remedy is expressly provided in section 9-507(1). These are separate matters and the moving party in each instance has the burden of proof. This accommodates the degree and extent to which there has been failure to comply with section 9-504(3). The remedy and the recovery may thereby be adjusted to the particular situation. In United States v. Whitehouse Plastics, 501 F.2d 692 (5th Cir.), the court noted the remedy expressly provided in section 9-507(1) indicated that a complete bar was not intended. We agree with the view expressed in Whitehouse, and this is reinforced by the Code's avoidance of punitive remedies. This view of separate causes generally recognizes the respective positions of the borrower and the lender and their remedies provided in the UCC. See Farmers State Bank of Parkston v. Otten, 204 N.W.2d 178 (S.D.), and Jones v. Morgan, 58 Mich.App. 455, 228 N.W.2d 419. The allowance of setoff between the judgments accomplishes the adjustment of the respective rights of the parties. A default by the Barbours was established as found by the trial court. The judgment by the trial court on the verdict for a deficiency judgment was in accordance with the UCC and is affirmed. The interest portion of the deficiency judgment, and in the counterclaim, was also treated by the trial court in a manner consistent with the remedy provision of the UCC.
 
 
 11
 The trial court did not decide whether or not the deficiency judgment should be divided between the bank and the SBA, and denied the bank's motion to divide it. The bank asserts that it was entitled to a portion of the judgment in accordance with the loan participation between itself and the SBA, or that at least it should be entitled to set off a portion of the deficiency judgment against the judgment for fraud the Barbours had against the bank.
 
 
 12
 This matter came up before the trial court, for all practical purposes, after trial. The bank had not asserted a claim in any pleadings. The bank made the loan, of course, and it was apparent that the SBA had guaranteed forty-eight percent of the loan, leaving the bank with fifty-two percent. The bank had been paid at time of trial the guaranteed portion. The bank had assigned its entire interest in the note to the SBA, and the SBA sued as the sole owner. The trial court questioned during trial whether the SBA could sue alone, and the attorneys represented that it could. The parties represented to the court that the bank's interest had been so assigned to the SBA. The relative claims of the bank and the SBA to the deficiency judgment were not litigated. This matter depends on the nature and provisions of the agreements between the Bank and the SBA which were not before the court. Further the implications of the bank's fraud on this issue were not explored. The trial court decided only that the SBA had guaranteed forty-eight percent of the loan, but it did not decide whether or not there should be any division between the bank and the SBA of the deficiency judgment obtained by the SBA. We do not decide that issue as it was not litigated before the trial court. The participation in the deficiency judgment is quite a different matter than was the participation in the loan.
 
 
 13
 The bank and Gordon Hinde on this appeal assert that their motion for judgment n. o. v. on the fraud cause of action should have been granted. We have carefully examined the record and the position of the bank and Gordon Hinde advanced in the brief. We cannot help but reach the conclusion that the trial court was correct in its denial of the motion.
 
 
 14
 The jury answered a number of special verdicts as to particular elements or transactions. These were submitted under proper instructions as the appellants concede. We conclude that there was sufficient evidence to support the verdict, and there was no error of law as appellants urge.
 
 
 15
 AFFIRMED.