PEARSON, Judge.
The defendant, Allan J. Applestein, appeals a summary final judgment entered against him in an action by the National Bank of Tulsa upon Applestein’s written guarantee of the debts of a corporation. An airplane chattel mortgage was given as security for the debt. The airplane was sold and suit was instituted for the deficiency. Applestein, as appellant, urges the existence of a genuine issue of material fact. We agree and reverse.
On December 8, 1971, Allan J. Applestein executed an unconditional guaranty to the National Bank of Tulsa relating to the debts of Little Judy Industries, Inc. The guaranty was limited to $28,840.32. Little Judy Industries, Inc., had executed a note to appellee on November 12, 1971, which was incorporated into a renewal note of $119,941.56 on August 10, 1972. An airplane chattel mortgage was given as security for this debt.
On July 19, 1973, a Florida tax warrant for sales and use tax was issued against Little Judy Industries, Inc. Following execution and levy by the Sheriff of Dade County, the airplane referred to above was scheduled for a public sale. The sale was properly advertised and took place on August 29, 1973. Appellee, being the. highest bidder, was issued a bill of sale by the Sheriff and took all right, title and interest possessed by Little Judy Industries, Inc., in the airplane. The complaint alleged that the collateral was sold by the plaintiff with the proceeds received therefrom being applied against the principal amount due on the note.
In response to the motion for summary judgment, the defendant filed his affidavit stating that:
1. He received no notice of the disposition of the collateral to the note;
2. He received no notice of the time and method of the sale of the collateral to the note;
3. He had no opportunity to secure purchasers in order to redeem his equity in the collateral to the note;
4. The amount of money received by the plaintiff at the sale of the collateral was below the fair market value of the collateral;
5. The fair market value of the aircraft was in excess of the amount due the plaintiff under the note;
6. The sale was not conducted in a commercially reasonable manner.
Section 679.504, Florida Statutes (1973), governs the resale of collateral pursuant to a security agreement. The secured creditor “. . . may sell, lease or otherwise dis *108 pose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing.” Additionally, Section 679.504(3), Florida Statutes (1973), provides that:
“(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, and except in the case of consumer goods to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this state or who is known by the secured party to have a security interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale.”
The defendant urges that there is a genuine issue concerning its defense that it was entitled to notice of the sale. We find no issue on that defense inasmuch as the record shows that the defendant had waived notice of the sale by a letter disclaiming an interest in the airplane after the sheriff’s sale.
Secondly, the defendant claims a genuine issue concerning the defense that the sale of the collateral was not conducted in a “commercially reasonable” manner. We find this issue undisposed of on the record. The plaintiff’s position is that inasmuch as it owned the airplane after the sheriff’s sale, there was no requirement for a sale in any manner. But this action is based upon a deficiency left after the private sale. The sale, if it is to produce a deficiency, is an element of the action that must be proved without genuine issue, if a summary final judgment is to be entered. Cf. Pompano Paint Co. v. Pompano Beach Bank and Trust Company, 208 So.2d 152 (Fla. 4th DC A 1968); and Spear v. Martin, 330 So.2d 543 (Fla. 4th DCA 1976).
The defendant’s further contention of a merger after the sheriff’s sale, which released the defendant, is without merit. See the discussion and cases cited at 69 Am.Jur.2d Secured Transactions § 545.
The summary final judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.
HENDRY, J., dissents.