387 So.2d 1002 (1980)
BANK OF OKLAHOMA, N.A., Formerly National Bank of Tulsa, a National Banking Association, Appellant,
v.
LITTLE JUDY INDUSTRIES, INC., a Florida Corporation, and Allan H. Applestein, Individually, Appellees.
No. 79-1834.
District Court of Appeal of Florida, Third District.
September 9, 1980.
*1003 Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kniskern and R. Benjamine Reid, Miami, for appellant.
Tew & Spittler and Jeffrey Allen Tew, Miami, for appellees.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, TILLMAN (Ret.), Associate Judge.
The appellant, Bank of Oklahoma, was the plaintiff in an action to recover on notes executed by appellee Little Judy Industries and guaranteed by appellee Allan H. Applestein. The notes had been secured by a chattel mortgage upon a 240 Convair executive aircraft. The aircraft was sold at a private sale pursuant to the mortgage and this action was to recover the balance allegedly due. Little Judy Industries was dismissed from the action and the trial court entered summary judgment against Applestein. Upon appeal of the summary judgment this court reversed upon a holding that there was genuine issue of material fact as to whether the sale of the airplane was conducted in a commercially reasonable manner. See Applestein v. National Bank of Tulsa,[1] 358 So.2d 106 (Fla. 3d DCA 1978). Following a trial the court found that the collateral was not disposed of in a commercially reasonable manner and entered final judgment for Applestein and Little Judy.[2] This appeal by the Bank of Oklahoma is from that judgment. The appellees have filed a cross appeal claiming error in the taxation of costs.
The appellant's statement of the point involved claims that the finding of the trial court that the disposal of the collateral was not made in a commercially reasonable *1004 manner is (1) erroneous as a matter of law, and (2) against the manifest weight of the evidence. The relevant findings of the trial judge as set out in the judgment are:
* * * * * *
"... the Plaintiff repaired the plane and flew it to Tulsa, Oklahoma sometime in September or October, 1973; the Plaintiff listed the plane for sale with an airplane broker; the plane was sold by contract dated February 6, 1974 for $80,000.
"3. The Plaintiff presented no evidence as to what the broker did to try and sell the plane, i.e. the manner in which he conducted the sale.
"4. The Plaintiff is not under any duty to put the plane into top notch condition regardless of cost. In order to collect a deficiency, the Plaintiff (secured party) need only prove the sale was conducted in a reasonably commercial manner in an attempt to obtain the best possible price; however, it is not required that the best price was in fact obtained for the collateral. When reasonableness of sale is challenged the burden of proof is on the secured party (the Plaintiff herein). Dynalectron Corporation v. Jack Richards Aircraft Co., 337 F. Supp. 659 (W.D. Okl., 1972). First National Bank and Trust of Enid v. Holston, 559 P. Rpt. 2nd 440 (S.Ct.Okl. 1977).
"5. The fact that the Plaintiff made repairs to the plane and listed it for sale and sold it though a broker is not sufficient proof, without more, that the broker in fact sold the plane in a reasonable, commercial manner. The Court cannot assume or speculate as to what the broker did in an attempt to sell the plane or whether the broker did the things required to be done for the plane to be sold in a commercially reasonable manner as required by Section 679.9-504 and 679.9-507, Florida Statutes. The Court further finds no evidence to support Count III of the Amended Complaint."
The Bank urges first that the finding of the trial court is against the manifest weight of the evidence in that the use of a broker is reasonable as a matter of law. Section 679.507, Florida Statutes (1977) (Section 9-507 U.C.C.) obligates a secured party to dispose of collateral in a commercially reasonable manner. The Code does not define what is commercially reasonable[3] but some guidelines may be ascertained from the Code. See Sections 679.504; 679.507(2), Florida Statutes (1977). The Bank argues that having employed a broker knowledgeable in selling aircraft, they have discharged that obligation.[4] The trial judge rejected this simplistic solution in this case and for this expensive item because there was no evidence from the broker as to how he proceeded and how his procedure in this case corresponded to the generally accepted practice in that field of commercial endeavor. We hold that the trial judge's decision was not against the manifest weight of the evidence and he may not be reversed on that basis.
We have examined the record in the light of the Bank's argument that the price obtained was fair even if the procedure was not approved and hold that reversible error is not demonstrated.
Appellant's second point claims error in the court's ruling on an evidentiary matter. It is claimed that a photocopy of a page purportedly taken from a "Trade-A-Plane" magazine was erroneously excluded. There was no evidence to tie the ad on the page to this transaction or the plane in litigation. No error is shown. See Cone v. Benjamin, 157 Fla. 800, 27 So.2d 90 (1946); Lindsey v. Commercial Discount Co., 12 Cal. App.2d 345, 55 P.2d 896, 898 (1936); 32 C.J.S. Evidence § 726 (1964).
A much closer question is presented by Appellant's third point; that is, whether the court, after having made its finding that the Bank had not carried its burden[5] *1005 of proving that the sale of the collateral was carried out in a commercially reasonable manner, should have allowed the parties to offer proof as to the fair value of the collateral and thereupon entered a judgment for the deficiency, if any, between the debt and the fair value of the collateral. There are two views of this matter. One, as advocated here by the appellee, holds:
"In general, under the Uniform Commercial Code, courts have held that where there is improper disposition by the secured party, or a sale under circumstances that are not `commercially reasonable,' the secured party loses his right to a deficiency judgment. It has also been held that a guarantor is relieved of his obligation upon such an improper sale. Moreover, where no resale is made, the right to collect further on the indebtedness is lost. 69 Am.Jur.2d Secured Transactions § 622, pgs. 529-530."
The appellee cites First National Bank and Trust of Enid v. Holston, 559 P.2d 440 (Okl. 1977) and Dynalectron Corporation v. Jack Richards Aircraft Co., 337 F. Supp. 659 (W.D.Okl., 1972) as having followed this rule.
The appellant asks this court to follow a series of cases[6] exemplified by Norton v. National Bank of Commerce, 240 Ark. 143, 398 S.W.2d 538, 541 (1966) which held:
"We do not agree with his contention that the bank's failure to give him notice of the intended sale completely discharged his obligation. For the most part the Code follows the theory formerly applicable to mortgages, by which the debtor was entitled to any surplus realized upon foreclosure and was liable for any deficiency. Section 85-9-504(2). The Code also provides that if the secured party has disposed of the collateral in a manner not in accordance with the Code `any person entitled to notification * * has a right to recover from the secured party any loss caused by a failure to comply' with the provisions of the Code.
* * * * * *
"We think the just solution is to indulge the presumption in the first instance that the collateral was worth at least the amount of the debt, thereby shifting to the creditor the burden of proving the amount that should reasonably have been obtained through a sale conducted according to law. The extent to which the penalty set out in § 85-9-507(1) may be applicable in the case at bar is an issue that may depend upon the further development of the proof."
It is our view that the rule as followed in Norton v. National Bank of Commerce, supra, and applied in Investors Acceptance Co. v. James Talcott, Inc., supra, is the rule which we ought to follow. It achieves a fair and commercially workable result without the imposition of a penalty which is not prescribed by statute. See Pass and Walker, Deficiency Judgment in Florida After a Commercially Unreasonable Sale of Collateral, 52 Fla.Bar.J. 720 (1978).
Accordingly, this cause is remanded for the sole purpose of determining the fair market value of the airplane at the time of its repossession from the defendant and the amount, if any, of the deficiency between that value and the amount of the indebtedness. This deficiency, of course, may not exceed the difference between the debt and the actual sale price. Judgment shall be entered for the deficiency if such is proved.
The cross appeal as to costs does not present error.
Affirmed in part; reversed in part and remanded for further proceeding in accordance with the holding herein set forth.
NOTES
[1] It appears on this appeal that the National Bank of Tulsa is now the Bank of Oklahoma N.A.
[2] Little Judy had been again added to the action by an amended complaint.
[3] No Florida case on point has been cited or found.
[4] Reliance is placed upon Allis-Chalmers Corp. v. Davis, 37 N.C. App. 114, 245 S.E. 566 (1978).
[5] See First National Bank and Trust of Enid v. Holston, infra.
[6] See e.g. Baker v. Horn, 245 Ark. 315, 432 S.W.2d 21 (1968); Investors Acceptance Co. v. James Talcott, Inc., 454 S.W.2d 130 (Tenn. App. 1969); Carter v. Ryburn Ford Sales, Inc., 248 Ark. 236, 451 S.W.2d 199 (1970); Cornett v. White Motor Corporation, 190 Neb. 496, 209 N.W.2d 341 (1973); Savings Bank of New Britain v. Booze, 34 Conn.Sup. 632, 382 A.2d 226 (1977); Associates Financial Services Co., Inc. v. DiMarco, 383 A.2d 296 (Del.Super. 1978); Associates Capital Services v. Riccardi, 408 A.2d 930 (R.I. 1979); Valley Min. Corp., Inc. v. Metro Bank, 383 So.2d 158 (Ala. 1980).