POTI HOLDING COMPANY, INC. *vs*. BURTON PIGGOTT.[1]

Worcester. January 17, 1983. — February 7, 1983.

Present: GREANEY, KAPLAN, & DREBEN, JJ.

*Uniform Commercial Code*, Secured creditor, Sale of collateral. *Practice, Civil*, Admissions. *Secured Transactions. Evidence*, Value.

In an action by a secured creditor against the guarantor of a promissory note for a deficiency after foreclosure on certain machinery, the defendant's admission as to fair market value "conclusively established" that fact under Mass.R.Civ.P. 36(b). [276]

A secured creditor who failed to conduct a foreclosure sale in a commercially reasonable manner was not thereby barred from recovering a deficiency where the fair market value of the collateral had been realized and where the creditor had not engaged in sharp or unconscionable practices. [276-280]

CIVIL ACTION commenced in the Superior Court on September 13, 1977.

A motion for a protective order was heard by *O'Neil*, J. The case was heard by *Meagher*, J., on a master's report.

*Anthony D. Toscano* for the defendant.

*James H. Barnhill* for the plaintiff.

DREBEN, J. After foreclosing on certain wire insulating machinery, the plaintiff, a secured creditor, sued the guarantor of a promissory note for a deficiency. The case was referred (and recommitted) to a master, who found that although the sale of collateral had not been conducted in a commercially reasonable manner, see G. L. c. 106, § 9-504(3), its fair market value had been realized. The master reported the question whether the plaintiff could

---

[1] Although additional plaintiffs and defendants took part in the proceedings in the Superior Court, this appeal involves only the parties named herein.

recover any deficiency. Concluding that the defendant had suffered no loss as a result of the sale, the judge ordered entry of judgment for the plaintiff in the amount of the deficiency, plus interest.

The defendant claims that there was no competent evidence of the fair market value of the collateral and that, in any event, a plaintiff who has not complied with G. L. c. 106, § 9-504(3), is not entitled to a deficiency judgment. We reject both contentions and affirm the judgment.

1. The evidence of fair market value came from two sources, an admission of fact under Mass.R.Civ.P. 36, 365 Mass. 795 (1974), and testimony of the plaintiff. The motion judge correctly rejected the defendant's motion for a protective order against the admission. The only claim to the judge, and hence the only ground open to the defendant on appeal, was that the proceedings had already concluded and that there was no "pending action" to which rule 36 could attach. The refutation is obvious: at the time of the defendant's motion, judgment had not been entered, the case had been recommitted to the master for further findings, and his report had not been confirmed.

Since the defendant's admission as to fair market value "conclusively established" that fact under Mass.R.Civ.P. 36(b), 365 Mass. 796 (1974), we need not consider the defendant's argument concerning the admissibility of the plaintiff's testimony as to value. In addition, the defendant did not follow the steps required for judicial review of the master's implicit finding that the plaintiff was qualified to testify. See *Miller* v. *Winshall,* 9 Mass. App. Ct. 312, 314-317 (1980); *Turiello* v. *Revere, ante* 185, 186, 188 (1983).

2. After sale or disposition of the collateral held by a secured party, the debtor, unless otherwise agreed, "is liable for any deficiency." G. L. c. 106, § 9-504(2). The defendant argues, however, that a creditor who missteps in conducting a sale automatically loses his right to a deficiency judgment.

In concluding that the plaintiff had not sustained its burden of proving that the sale had been conducted in a commercially reasonable manner, the master did not find that the plaintiff had engaged in sharp or unconscionable practices. Rather, he relied on the plaintiff's failure to submit evidence on a number of matters such as: the normal commercial practices in disposing of collateral of this type; the experience of the auctioneer in auctioning this kind of machinery;[2] the areas of circulation of the newspapers in which the advertisements were placed; and whether there were experienced brokers available to sell goods of this type. He also noted that although the plaintiff had placed advertisements in the Boston Herald American, the Wall Street Journal and a local newspaper, and had notified between 210 and 235 parties, including the defendant, it had only notified two of the nine or more companies in the high temperature wire business in the eastern United States, and had not advertised in any publication of the wire industry. These findings underscore the lack of precision in the meaning of the term "commercially reasonable"; its determination depends on the particular facts in each case. See Comment 2 to § 9-507(2) of the Uniform Commercial Code, 3A U.L.A. (Master ed. 1982); *Old Colony Trust Co.* v. *Penrose Indus. Corp.*, 280 F.Supp. 698, 712 (E.D. Pa.), aff'd, 398 F.2d 310 (3d Cir. 1968) (applying Massachusetts law).

Whether a noncomplying creditor is entitled to a deficiency judgment is a matter on which the authorities are in dispute,[3] see generally White & Summers, Uniform Commercial Code § 26-15 (2d ed. 1980),[4] and there is support

---

[2] The master found that the use of this auctioneer saved $4,300 in auction fees.

[3] For a collection of cases, see 1A Coogan, Hogan & Vagts, Secured Transactions Under the Uniform Commercial Code § 8.06[2], at 933-934 nn.71.2 & 71.3 (1982).

[4] See also Comment, Commercially Unreasonable Repossession Sales in Oklahoma: *Wilkerson Motor Co.* v. *Johnson,* 13 Tulsa L.J. 820, 827-835 (1978); Henszey, A Secured Creditor's Right to Collect a Deficiency Judg-

for the defendant's claim of automatic disqualification. See, e.g., *Gurwitch* v. *Luxurest Furniture Mfg. Co.*, 233 Ga. 934, 936 (1975); *Bank Josephine* v. *Conn*, 599 S.W.2d 773, 775 (Ky. Ct. App. 1980); 2 Gilmore, Security Interests in Personal Property § 44.9.4, at 1264 (1965). See also cases where, unlike here, the defect was well defined, the failure to give the debtor notice of sale, e.g., *Skeels* v. *Universal C.I.T. Credit Corp.*, 222 F.Supp. 696, 702 (W.D. Pa. 1963), modified on other grounds, 335 F.2d 846 (3d Cir. 1964); *Herman Ford-Mercury, Inc.* v. *Betts*, 251 N.W.2d 492, 496 (Iowa 1977); *Camden Natl. Bank* v. *St. Clair*, 309 A.2d 329, 332 (Me. 1973); *Delay First Natl. Bank & Trust Co.* v. *Jacobson Appliance Co.*, 196 Neb. 398, 409 (1976).

We think more consistent with Massachusetts law and the provisions for remedies in the Uniform Commercial Code are those authorities which provide for a balancing of equities between the parties and allow the "remedy and the recovery . . . [to] be adjusted to the particular situation." *Barbour* v. *United States*, 562 F.2d 19, 21 (10th Cir. 1977) (applying Kansas law). See 1A Coogan, Hogan & Vagts, Secured Transactions Under the Uniform Commercial Code § 8.06[2], at 936 (1982). For other cases taking this approach, see, e.g., *United States* v. *Whitehouse Plastics*, 501 F.2d 692, 695 (5th Cir. 1974), cert. denied sub nom. *Baker* v. *United States*, 421 U.S. 912 (1975) (applying Texas law); *Kobuk Engr. & Contr. Servs., Inc.* v. *Superior Tank & Constr. Co-Alaska, Inc.*, 568 P.2d 1007, 1013 (Alaska 1977); *Universal C.I.T. Credit Co.* v. *Rone*, 248 Ark. 665, 669 (1970); *Savings Bank* v. *Booze*, 34 Conn. Supp. 632, 636-637 (Super. Ct. 1977); *Hall* v. *Owen County State Bank*, 175 Ind. App. 150 (1977); *Levers* v. *Rio King Land & Inv. Co.*, 93 Nev. 95, 99 (1977); *Clark Leasing Corp.* v. *White*

ment Under UCC Section 9-504: A Need to Remedy the Impasse, 31 Bus. Law. 2025 (1976); Comment, Creditor's Deficiency Judgment Under Article 9 of the Uniform Commercial Code: Effect of Lack of Notice and a Commercially Reasonable Sale, 33 Md. L. Rev. 327 (1973). Several commentators note that the cases finding a bar to recovery of a deficiency often rely on cases under the Uniform Conditional Sales Act.

*Sands Forest Prod., Inc.,* 87 N.M. 451, 456 (1975). Cf. *Franklin State Bank* v. *Parker,* 136 N.J. Super. 476, 482 (1975).

Although we have found no case in the Supreme Judicial Court or this court on the precise issue before us, our cases frown on forfeitures and penalties. See, e.g., *Howard D. Johnson Co.* v. *Madigan,* 361 Mass. 454, 456 (1972); *Shepard* v. *Finance Associates of Auburn, Inc.,* 366 Mass. 182, 188 (1974); *Valley Stream Teachers Fed. Credit Union* v. *Commissioner of Banks,* 376 Mass. 845, 852 (1978); *Beach Associates, Inc.* v. *Fauser,* 9 Mass. App. Ct. 386, 393-395 (1980). Cf. *Boott Mills* v. *Boston & Me. R.R.,* 218 Mass. 582, 589 (1914); *Lowell* v. *Massachusetts Bonding & Ins. Co.,* 313 Mass. 257, 269 (1943) (each holding no punitive damages in Massachusetts in absence of statute). In addition, where violations of the Code are not involved, wrongdoings of a creditor do not normally preclude a deficiency. In *Mechanics Natl. Bank* v. *Killeen,* 377 Mass. 100 (1979), a contract action in which the bank was held liable in damages for wrongfully foreclosing on the debtor's stock, there was no suggestion that the debtor's remaining obligations were extinguished. To the contrary, they were only reduced by the fair market value of the stock at the time of the wrongful sale. *Id.* at 114-116. See also *Lynn Five Cents Sav. Bank* v. *Portnoy,* 306 Mass. 436, 439 (1940) (mortgagor released only to the extent he has been injured by conduct of mortgagee).

The Code does not require automatic forfeiture. Specific remedies are provided in G. L. c. 106, § 9-507(1), against a secured creditor who, among other misdeeds, fails to sell collateral in a commercially reasonable manner. A debtor may restrain an improper sale and also "has a right to recover from the secured party any loss caused by [the] failure to comply" with the Code. There is no mention of a forfeiture of the right to a deficiency and, in addition, G. L. c. 106, § 1-106, states that the Code remedies are to be "liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully

performed but neither consequential or special nor penal damages may be had except as specifically provided in this chapter or by other rule of law."

In view of the specific remedies provided by G. L. c. 106, § 9-507(1), the reluctance of Massachusetts to impose forfeitures, and the explicit statement in G. L. c. 106, § 1-106, against penalties, "[w]e are unwilling to assume that the Legislature intended to effect such a forfeiture of private contractual rights." *Shepard* v. *Finance Associates of Auburn, Inc.*, 366 Mass. at 188.

Accordingly, we conclude that the plaintiff is not precluded from recovering the deficiency. As the fair market value of the collateral in this case has been conclusively established, we have no occasion to discuss questions of burden of proof or presumptions as to the value of the collateral, matters on which the authorities are also divided. See, e.g., discussion in *Utah Bank & Trust* v. *Quinn,* 622 P.2d 793, 796 (Utah 1980).

*Judgment affirmed.*