PER CURIAM.
The issue in this appeal is whether the trial court erred in denying the secured creditor’s claim for a deficiency judgment against the debtor. We reverse and remand, on the authority of Bank of Oklahoma v. Little Judy Industries, Inc., 387 So.2d 1002 (Fla. 3d DCA 1980).
The secured creditor sold the collateral in what was subsequently determined to be a commercially unreasonable manner, in violation of section 679.504(3), Florida Statutes (1983). As a result, the trial court concluded that the creditor had forfeited any claim to a deficiency judgment. We disagree and, in so holding, certify a conflict with the First District’s decision in Florida First National Bank at Pensacola v. Martin, 449 So.2d 861 (Fla. 1st DCA 1984). Parenthetically, we note that the issue of adequacy of notice of the sale was not raised, and, therefore, is not before us. Moreover, we think there is a sufficient difference in the policies underlying the notice of sale requirement, and the requirement that the sale be conducted in a commercially reasonable manner, to justify a different result where the latter requirement is not met. If a sale is found to be commercially unreasonable, the debtor’s interest can be adequately protected by ordering a hearing, and requiring the creditor to show that the prices obtained were reasonable in light of the facts and circumstances existing at the time of sale. An adjustment can then be made for any discrepancy which has occurred.
This result protects the debtor’s interest and avoids subjecting the creditor to draconian consequences should the manner of sale fall short of that required by section 679.504(3), Florida Statutes (1983). It is also consistent with the spirit of the Uniform Commercial Code, which, as one of its principal features, is designed to liberalize commercial transactions and move away from highly technical requirements. See White & Summers, Uniform Commercial Code, § 4 (2d Ed. 1980); see also, Poti Holding Co., Inc., v. Piggot, 15 Mass.App. 275, 444 N.E.2d 1311, cert. denied, 388 Mass. 1105, 448 N.E.2d 766 (1983) and cases cited therein.
We therefore reverse and remand this case, and instruct the trial court to conduct a hearing to determine the reasonableness of the prices obtained, and award the creditor accordingly, subject to any set-off deemed necessary.
HURLEY, DELL and WALDEN, JJ., concur.