Pino, J.
This is an action to recover a deficiency which arose when the plaintiff, acting under the provisions of a note and chattel mortgage, took possession of the chattel, a tractor trailer, after default on the note and then sold it to a third party for a sum less than the amount due from the debtor. It is clear that the sale was conducted without notice to the debtor as required under c. 106, Mass. Gen. Laws, §9-504(3). There is, also, a finding by the trial judge that the sale price was in excess of the market value of the chattel at the time of sale.
The plaintiff is aggrieved by the ruling made by the trial justice upon the plaintiffs Requests for Ruling numbered 3. Request #3 set forth the following:
Failure of the plaintiff to give notice of resale under G.L.c. 106, sec. 9-504(3) does not make the obligation void, nor does it preclude recovery of a deficiency judgment by the plaintiff.
The court denied the request and in its “Findings and Rulings” stated as follows:
The court rules that the plaintiff’s failure to notify the defendants of the time and place of the sale precludes the plaintiff from prevailing on a claim for the deficiency.
The court made a finding for the defendant.
The issue here is whether or not a secured creditor is barred from recovering a deficiency where no notice of the sale of the security was provided to the *100 debtor as required in c. 106, M.G.L., §9-504(3).
The Uniform Commercial Code was enacted to set forth in a codified manner what rights and responsibilities arise as a result of the relationship between creditor and debtor. These rights and responsibilities are enumerated in c. 106 of the Mass. Gen. Laws. They must be read in their entirety considering the relationship of one provision to another so that the full significance of the provisions of the act may be understood.
Chapter 106, M.G.L., §9-504(3) mandates notice of sale be given by the creditor to the debtor but no sanctions are set out in § 9-504 for failure to give the required notice. Reading the language of the instant section and the commentaries of the reporter, the court is unable to determine that it was not the intent of the legislature to use this precise language and accept its consequences. There is, more particularly, shown by §9-507 of the Uniform Commercial Code wherein the language expressly provides for the liability of a secured party for failure to comply with the provisions of the statute. The remedies of the debtor are clearly set forth as well as the limitations of the debtor’s remedies. Nowhere can any language be found from which it maybe concluded that the failure of notice voids the debt.
The Massachusetts Appeals Court has discussed the rationale of the legislature when the Uniform Commercial Code was enacted in this Commonwealth. The court in Poti Holding Co., Inc. v. Piggott, 15 Mass. App. Ct. 275 (1983), held that where a secured creditor who had not conducted a sale of a chattel, which secured a debt upon which the debtor had defaulted, in a commercially reasonable manner, the creditor was not barred from recovery of a deficiency where the fair market value of the chattel had been recovered and there was no showing that the creditor engaged in “sharp or unconscionable” practices. The court, also, stated that the Code did not require automatic forfeiture.
In the case at bar, although there was no notice, the sale brought a sum substantially in excess of its market value and there is no finding that the creditor engaged in sharp or unconscionable practices.
Therefore, the plaintiff’s third request should have been allowed.
Finding for the defendant vacated.
New trial ordered.