**INGERSOLL–RAND FINANCIAL CORP., Plaintiff,**

v.

**ELECTRO COAL, INC. et al., Defendants.**

**Civ. A. No. 79–114.**

United States District Court, E. D. Kentucky.

Sept. 25, 1980.

---

3. See footnote 1, *supra*.

Stanley W. Saunier, Jr., Gess, Mattingly, Saunier & Atchison, Lexington, Ky., for plaintiff.

Kenneth Baker, Hazard, Ky., Denver Adams, Hyden, Ky., Shelby C. Kinkead, Jr., Lexington, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

On October 4, 1978, the plaintiff, Ingersoll–Rand Financial Corp., loaned the Wells Coal Co., Inc. $1,087,337.72. This loan was secured by mining equipment listed in Equipment Schedule "A" of the Security Agreement. The plaintiff alleges that this loan also was secured by the corporate and individual guarantees of the defendants.

On November 8, 1978, a default judgment was entered against defendant Owl's Nest Coal Co., Inc. The judgment was for the amount of the loan plus costs and attorney's fees of this action, subject to a credit for the amount of the net proceeds from the sale of the repossessed equipment. On January 29, 1980, plaintiff moved for summary judgment against Electro Coal, Inc., H&W Trucking Co., Inc., and Sara J. Wells. This motion was supplemented on February 19, 1980, by a second motion for summary judgment which added defendants Marvyn and Grace Hamilton.

The initial issue is whether this Court has jurisdiction over the instant case. In the original complaint, the plaintiff alleged that the individual plaintiffs were residents, rather than citizens, of Kentucky. 28 U.S.C. Section 1332. This defect was corrected in the amended complaint filed November 8, 1979. No further question concerning the complete diversity of the parties remains. See *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). There is, however, still an issue of whether the amount in controversy requirements of the general federal diversity jurisdiction statute have been satisfied. 28 U.S.C. Section 1332. The matter in controversy must exceed $10,000, exclusive of interest and costs. 28 U.S.C. Section 1332(a).

Several of the defendants have asserted that the jurisdictional amount requirement has not been met. The defendants claim that until the disposition of the collateral and the final accounting for it have been completed, the amount in controversy is unclear, and may not exceed $10,000. The amount allegedly due to the plaintiff, however, need not be known exactly at the beginning of the case. Also, it need not be absolutely certain that the amount at stake will turn out to be more than $10,000. The standard is that,

The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

*St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

The plaintiff's claim, made in good faith, was for more than $1,000,000, far in excess of the statutory requirement. Unless it appears that there is some legal bar to plaintiff collecting more than $10,000, should it prevail in a trial of the facts, this

Court has jurisdiction. Defendants have suggested both that 1) they are entitled to the benefit of the net proceeds of the sale of the collateral as a credit against the amount of the loan and 2) that proper disposition of the collateral is a precondition to relief on the guarantee. Plaintiff claims that its rights to pursue judgment on the guarantee and to dispose of the collateral are separate and cumulative.

The Court need not decide what the effect upon its jurisdiction would be if the deficiency remaining after disposition of the collateral were $10,000 or less. On the record presently before the Court it is clear that the amount in contention, after credit for the net proceeds of the sale of the collateral, exceeds $10,000.

■ The plaintiff's remedies upon default include repossession and suit. The plaintiff's pursuit of one does not preclude the concurrent pursuit of the other. Ky. Rev.Stat. 355.9–501(1). There is some language by the Kentucky Court of Appeals which suggests that the proper disposal of repossessed collateral is a precondition to suit for any remaining debt. In *Cox Motor Car Co. v. Castle*, 402 S.W.2d 429 (Ky.1966), the Court noted that,

"Having repossessed the truck, Cox was required to liquidate it at reasonable public sale, as a condition of seeking further recovery from Castle, and Castle's obligation became limited to whatever deficiency remained after such a sale." *Cox*, supra, at 432.

However, in the light of the statutory language and the weight of critical comment this sentence must be interpreted narrowly. See Comment, Ky.Rev.Stat.Ann. Section 355.9–501(1) (Baldwin); 39 Marq.L.Rev. 246, 266. Thus, we construe the language in *Cox* to hold only that once a partial recovery is made by repossession the amount recoverable on judgment is limited to any deficiency. This is in conformity with the equitable policy of avoiding multiple recovery.

This Court has jurisdiction over this action and the plaintiff's motion for summary judgment is properly before the Court.

There does not appear to be any genuine issue concerning the default of the Wells Coal Co. The guarantees, if signed by defendants, provide a proper basis for suit by plaintiff. See discussion of Ky.Rev.Stat. 355.9–501(1), supra. Unless some factual issue remains unresolved, summary judgment against defendants should issue.

The standard for summary judgment is found in Fed.R.Civ.Proc. Rule 56. It states, in relevant part, that

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

If there is a disputed factual issue before the Court, it should not be resolved upon motion for summary judgment. *Lashlee v. Sumner*, 570 F.2d 107 (6th Cir. 1978). Unless otherwise resolved by the parties, resolution should await the decision of the finder of fact at trial.

■ Defendants Electro Coal, Inc., H&W Trucking Co., Inc., Mervyn Hamilton and Grace Hamilton have claimed that they did not sign the guarantee proffered by plaintiff. They assert that the only guarantee they signed on behalf of Wells Coal Co. was to secure an airplane. The parties maintain diametrically opposed positions concerning the coverage of the guarantees for the loan to Wells Coal Co. Only a determination of the credibility of the parties will settle the dispute on this point.

Where an issue as to material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Notes of Advisory Committee on 1963 Amendment to Rule 56, Federal Rules of Civil Procedure, quoted in *Willetts v. Ford Motor Co.*, 583 F.2d 852, 855 (6th Cir. 1978).

This case accordingly is inappropriate for summary judgment as to these defendants.

See also 10 C. Wright & A. Miller Section 2712, at 384.

The plaintiff has emphatically insisted on the clear liability of the defendants. The motion for summary judgment concerning four of the defendants is being denied solely on the basis of those defendants' affidavits stating that they did not sign the guaranty agreements submitted by the plaintiff. It is relatively rare that a financial institution switches the signature of an individual or corporation from one document to another. The Court is therefore constrained to remind the four defendants and their attorneys of the sanctions for the proferring of sham or dilatory affidavits.

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt. Fed.R.Civ.P. 56(g).

Defendant Sara J. Wells in her response to plaintiff's motion for summary judgment relied not upon a denial that she signed the guarantee in question, but rather upon her construction of the requirements of Ky.Rev. Stat. 355.9 and *Cox,* supra. The Court has rejected this construction of the statute, and finds no genuine issue as to any material fact in the claim against Sara J. Wells. Accordingly, the plaintiff's motion for summary judgment against her will be granted.

■ Defendant Sara J. Wells is entitled to have the net proceeds of the sale of the collateral credited against the amount due under the guarantee. Also, interest, at 1½ % per month, under the terms of the security agreement and guarantee, and the discretion of the court, are owed to the plaintiff. See Ky.Rev.Stat. Section 360.010(1); *Lytle v. Freedom International Carriers, S. A.,* 519 F.2d 129 (6th Cir. 1975). Interest on the full amount of the loan, however, shall be due only until the date on which the first proceeds for the sale of the collateral were received. After that date, interest shall be calculated only on the amount then owed, after credit for the net proceeds of the sale. In accordance with the terms of the agreement and the discretion of this court, the costs and attorney's fees of plaintiff will be included in the amount of the judgment. *Baldwin v. Burger Chef Systems, Inc.,* 507 F.2d 841 (6th Cir. 1974); *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973).

In order to allow the Court to determine the amount of the award, the plaintiff shall submit a list containing the dates on which proceeds were received for each piece of equipment sold to date and the gross amount received. The list also shall include the amounts spent on each item to ready it for sale.

IT IS THEREFORE ORDERED:

(1) That the motion of Ingersoll–Rand Financial Corp., plaintiff, for summary judgment against Electro Coal, Inc., defendant, is hereby DENIED;

(2) That the motion of Ingersoll–Rand Financial Corp., plaintiff, for summary judgment against H&W Trucking Co., Inc., defendant, is hereby DENIED;

(3) That the motion of Ingersoll–Rand Financial Corp., plaintiff, for summary judgment against Mervyn Hamilton, defendant, is hereby DENIED;

(4) That the motion of Ingersoll–Rand Financial Corp., plaintiff, for summary judgment against Grace Hamilton, defendant, is hereby DENIED;

(5) That the motion of Ingersoll–Rand Financial Corp., plaintiff, for summary judgment against Sara J. Wells, defendant, is hereby GRANTED, in the amount of $1,087,337.72 plus costs and attorney's fees, plus interest at 1½% per month on the amount owed, subject to a credit for the net proceeds of the sale of the collateral;

(6) That Ingersoll–Rand Financial Corp., plaintiff, shall submit to the Court, within 30 days, a list of the dates on which proceeds from the sale of the collateral were

received, the gross amounts received for each item, and the expenses attributable to each item for the preparations for sale.