HURLEY, Judge.
The secured creditor in this UCC case failed to comply with the code’s requirement of reasonable notice of sale of repossessed collateral. We adhere to the rule that a creditor who fails to abide by the *1283 statutory notice requirement is not entitled to a deficiency judgment, and, consequently, we reverse.
Gepetto’s Tale 0’ The Whale of Fort Lauderdale, Inc. (Gepetto’s/debtor) borrowed $100,000 from the Landmark First National Bank of Fort Lauderdale (bank/secured creditor). The transaction was evidenced by a promissory note and a security agreement in which Gepetto’s pledged its restaurant equipment as collateral for the loan. Additionally, Donald R. Brauer, the president of Gepetto’s, and his father, Arthur J. Brauer, together with Ro-binex International Ltd., executed a guarantee agreement to further secure the loan.
Gepetto’s defaulted on the loan and the bank instituted suit. Count one of the complaint sought possession of the collateral; count two was a direct action on the note against Gepetto’s; count three was a direct action on the guarantee agreement against Donald and Arthur Brauer and Robinex International Ltd., the guarantors. The trial court granted pre-judgment replevin of the collateral and, eventually, entered a “final summary judgment” against Gepet-to’s and the guarantors. The final judgment established the indebtedness at $69,-950.99. Additionally, it contained the following provisions:
Having already obtained possession of certain personal property through PreJudgment Writ of Replevin, the Plaintiff shall dispose of same as a secured creditor in a commercially reasonable manner and credit any sums received against the above damages.
That the plaintiff, LANDMARK FIRST NATIONAL BANK OF FORT LAUDERDALE, does have and recover from the Defendants the sum set forth above, for all of which let execution issue.
Jurisdiction reserved for enforcement and award of attorney fees, as appropriate.
Over a year after the entry of the summary final judgment, Gepetto’s and the guarantors filed a petition for accounting and set off. This pleading was later amended to a petition for declaratory relief and set off. It asserted that the bank had failed to give the requisite notice of sale of the collateral and had sold the collateral in a commercially unreasonable manner. Thus, the debtors prayed to have the earlier judgment declared satisfied.
An evidentiary hearing developed the following facts: (1) The bank did not notify the debtor or the guarantors of the sale of the collateral. (2) The bank failed to make an inventory of the collateral. (3) A theft occurred at the warehouse resulting in the loss of some of the collateral. (4) The bank ran this advertisement for one week in the Fort Lauderdale News: “MISC RESTAURANT EQUIPMENT — & glassware. Call Bill Crawford at Landmark Bank. 771-8220.” (5) The collateral, which one of the guarantors valued at $60,000-$70,000, was sold for $1,350. The trial court denied relief to the guarantors, finding that “the lack of notice ... is not dispositive ... for the reason that ... the entering of the Final Judgment ... and the providing of a copy ... to the [debtors] constituted notice and no further specific notice of sale was required.” The debtors appeal.
Before considering the merits, we first take note of the somewhat unusual procedural posture of this case. In most instances, a secured creditor will repossess and dispose of the collateral before seeking a deficiency judgment. Here, however, the bank pursued all of its remedies simultaneously and prevailed on all fronts. Nonetheless, neither party has argued that the “summary final judgment,” entered on February 17, 1982, resolved the litigation between the parties. Indeed, the language of the judgment indicates that it was an interim measure which anticipated future judicial adjustment after the bank disposed of the collateral. Thus, the second stage of litigation, initiated by the guarantors’ petition for an accounting and set off, is, in reality, an effort to establish a final deficiency judgment. That is how the parties tried it below and briefed the case on appeal.
*1284 We turn next to the trial court’s conclusion that the guarantors’ receipt of the summary final judgment satisfied the bank’s obligation to provide reasonable notice of sale of the collateral. Aside from certain exceptions which are not relevant here, section 679.504(3), Florida Statutes (1983), mandates that a secured creditor provide “reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made_” The purpose of this requirement is to allow the debtor and other interested parties to know “about the nature and conduct of the resale so that they can protect their interests.” J. White & R. Summers, Uniform Commercial Code § 26-9, at 1110 (2d ed. 1980).
The summary final judgment in the case at bar does not provide the information required by the code. As indicated, it was entered on February 17, 1982, and directed the bank to conduct a sale. It did not specify, however, the time or place of the sale, nor did it indicate whether the sale would be public or private. In fact, the sale occurred on December 11, 1982, eight months after the entry of the final judgment. Thus, the trial court’s finding is neither factually nor legally correct. Indeed, the evidence is undisputed that the bank failed to provide any notice whatsoever to the guarantors.
Most Florida courts have taken the position that failure to comply with the statutory notice requirement precludes any action for a deficiency judgment against the guarantors. See Siltzer v. North First Bank, 445 So.2d 649 (Fla. 2d DCA 1984); Bagel Break Bakery, Inc. v. Bagelman’s, Inc., 431 So.2d 676 (Fla. 4th DCA 1983); Motorola Communications & Electronics, Inc. v. National Patient Aids, Inc., 427 So.2d 1042, 1046 n.10 (Fla. 4th DCA 1983); Dependable Insurance Co. v. Landers, 421 So.2d 175 (Fla. 5th DCA 1982); Barnett Bank v. Campbell, 402 So.2d 12 (Fla. 1st DCA 1981), review denied, 412 So.2d 463 (Fla.1982); Barnett v. Barnett Bank, 345 So.2d 804 (Fla. 1st DCA 1977); Washington v. First National Bank, 332 So.2d 644 (Fla. 3d DCA 1976); Hepworth v. Orlando Bank & Trust Co., 323 So.2d 41 (Fla. 4th DCA 1975); Turk v. St. Petersburg Bank & Trust Co., 281 So.2d 534 (Fla. 2d DCA 1973); see also American Petrofina Marketing, Inc. v. Weiner, 460 So.2d 527 (Fla. 4th DCA 1984); Florida First National Bank v. Martin, 449 So.2d 861 (Fla. 1st DCA 1984); but see Ayares-Eisenberg Perrine Datsun, Inc. v. Sun Bank of Miami, 455 So.2d 525 (Fla. 3d DCA 1984); Bank of Oklahoma v. Little Judy Industries, Inc., 387 So.2d 1002 (Fla. 3d DCA 1980).[1]
We recognize that our decision conflicts with the Third District’s most recent and cogent pronouncements on this subject. Yet, in light of our own recent reaffirmation of this court’s precedent and the widespread acceptance of the rule throughout the state, we believe that the resolution of any conflict is best left to the Supreme Court. Thus, we adhere to precedent and hold that the bank’s failure to comply with the statutory notice requirement precludes entry of a deficiency judgment. Accordingly, we reverse and remand with instructions for the trial court to grant the guarantors’ petition and decree that the indebtedness is satisfied.
REVERSED AND REMANDED.
GLICKSTEIN, J., and BOARDMAN, EDWARD F., Associate Judge (Retired), concur.

. The rule advanced by the Third District has been adopted by a number of states. See, e.g., Weaver v. O'Meara Motor Co., 452 P.2d 87 (Alaska 1969); Norton v. National Bank of Commerce, 240 Ark. 143, 398 S.W.2d 538 (1966); Community Management Association v. Tousley, 32 Colo.App. 33, 505 P.2d 1314 (1973); Savings Bank v. Booze, 34 Conn.Supp. 632, 382 A.2d 226 (1977); T & W Ice Cream, Inc. v. Carriage Barn, Inc., 107 N.J.Super. 328, 258 A.2d 162 (1969); Alliance Discount Corp. v. Shaw, 195 Pa.Super. 601, 171 A.2d 548 (1961); Mallicoat v. Volunteer Finance & Loan Corp., 57 Tenn.App. 106, 415 S.W.2d 347 (1966); Grant County Tractor Co. v. Nuss, 6 Wash.App. 866, 496 P.2d 966 (1972).