482 So.2d 1362 (1986)
Herbert WEINER, Petitioner,
v.
AMERICAN PETROFINA MARKETING, INC., Respondent.
No. 66375.
Supreme Court of Florida.
February 6, 1986.
*1363 Neil G. Frank of Frank and Flaster, Fort Lauderdale, for petitioner.
W. Frank Greenleaf, of Welbaum, Zook, Jones and Williams, Miami, for respondent.
EHRLICH, Justice.
This is a petition to review a decision of the Fourth District Court of Appeal, reported as American Petrofina, Inc. v. Weiner, 460 So.2d 527 (Fla. 4th DCA 1984). The district court certified that its decision was in direct conflict with Florida First National Bank v. Martin, 449 So.2d 861 (Fla. 1st DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The question presented concerns the availability of a deficiency judgment to a secured party when he has disposed of collateral in a commercially unreasonable manner in violation of section 679.504(3), Florida Statutes (1983). The district court found that such failure by the secured party does not preclude him from obtaining a deficiency judgment as a matter of law. We agree.
In September 1982, Ray's Tires Co. defaulted on an obligation to respondent. Respondent repossessed the collateral which consisted of Goodyear automobile tires and tubes, pursuant to the valid security agreement with Ray's Tires Co. Respondent gave petitioner adequate notice that it would dispose of the collateral by private sale. Respondent returned some of the collateral to Goodyear Tire Company and sold that which remained to its wholly owned subsidiary. After disposition of the collateral there remained a deficiency of $133,902.44 plus interest owing to respondent.
Respondent sued petitioner for a deficiency judgment based upon a guaranty agreement signed by petitioner in favor of Ray's Tires Co. The trial court entered a final judgment denying respondent a deficiency, determining that respondent had not disposed of the collateral in a commercially reasonable manner as required by section 679.504(3). The Fourth District Court of Appeal reversed the trial court's decision, relying on Bank of Oklahoma v. Little Judy Industries, Inc., 387 So.2d 1002 (Fla. 3d DCA 1980), which held that a commercially unreasonable disposition of collateral did not foreclose a creditor from receiving a deficiency judgment.
The Uniform Commercial Code provides that, unless otherwise agreed, a debtor is responsible for any deficiency after disposal of the collateral: "If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus, and, unless otherwise agreed, the debtor is liable for any deficiency." § 679.504(2), Fla. Stat. (1983). Thus, unlike the common law where deficiency judgments were disfavored, the code expressly provides for them in conjunction with security agreements. See Turk v. St. Petersburg Bank & Trust Co., 281 So.2d 534 (Fla. 2d DCA 1973).
*1364 Although general principles of law and equity are applicable to supplement the provisions of the code, they will not prevail when in conflict with code provisions.[1]
Since deficiency judgments are specifically sanctioned by the code, the next inquiry is whether the code limits their application. Section 679.504(3) requires that when collateral is disposed of by a secured party, "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." The code nowhere provides that the creditor loses his right to a deficiency judgment if he does not act in a commercially reasonable manner. See J. White and R. Summers, Handbook of the Law Under the Uniform Commercial Code, § 26-15 at 1127 (2d ed. 1980). However, the code does supply the debtor with a remedy. Section 679.507(1) states:
If it is established that the secured party is not proceeding in accordance with the provisions of this part disposition may be ordered or restrained on appropriate terms or conditions. If the disposition has occurred the debtor or any person entitled to notification ... has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part.
See Ayares-Eisenberg Perrine v. Sun Bank, 455 So.2d 525 (Fal. 3d DCA 1984). If the collateral is disposed of in a commercially unreasonable manner, the debtor may not receive as great a credit against his debt as if the sale had been conducted in a commercially reasonable manner. The damages the debtor will suffer are equal to the difference between the price obtained in a commercially unreasonable sale and the fair market value of the collateral i.e. what it should have brought in a commercially reasonable sale. See White and Summers, supra, § 26-15 at 1133. Thus, the rights of the debtor can be adequately protected by determining the fair market value of the collateral at time of repossession and awarding the debtor an additional credit in the amount of the difference between the fair market value of the collateral as determined and the amount the collateral brought in a commercially unreasonable sale.
This rule is in accord with the spirit of the Uniform Commercial Code and its disfavor of penalties. Section 671.106, Florida Statutes states:
The remedies provided by this code shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special nor penal damages may be had except as specifically provided in this code or by other rule of law.
If the secured party has not disposed of the collateral in a commercially reasonable manner as required by section 679.504(3), Florida Statutes, and is thereby precluded from obtaining a deficiency judgment as a matter of law, as the petitioner would have us hold, then the debtor, perhaps more often than not, will be in a better position than if the secured party had fully performed according to the statute. See Pass and Walker, Deficiency Judgment in Florida After a Commercially Unreasonable Sale of Collateral, 52 Fla. B.J. 720, 722, 723 (1978). We do not believe that this is within either the letter or the spirit of the statute.
However, the secured party's failure to dispose of the collateral in a commercially reasonable manner should not impose a burden upon the debtor to prove damages. See Savoy v. Beneficial Consumer Discount Co., 503 Pa. 74, 468 A.2d 465 (1983); State Bank of Towner v. Hansen, 302 N.W.2d 760 (N.D. 1981) (commercially unreasonable sale creates a presumption that the value of the collateral equals the amount of the debt). Rather, we are of the opinion that the fairer rule is that set forth in Norton v. National Bank of Commerce, 240 Ark. 143, 398 S.W.2d 538 (1966) upon which the Third District Court of Appeal relied in Bank of Oklahoma v. *1365 Little Judy Industries, 387 So.2d 1002, 1005, wherein the Norton court said:
We think the just solution is to indulge the presumption in the first instance that the collateral was worth at least the amount of the debt, thereby shifting to the creditor the burden of proving the amount that should reasonably have been obtained through a sale conducted according to law.
240 Ark. at 150, 398 S.W.2d at 542. See also CIT Credit Co. v. Rone, 248 Ark. 665, 453 S.W.2d 37 (1970).
We therefore hold that when it has been determined that a secured party has disposed of collateral in a commercially unreasonable manner, there will arise a presumption that the fair market value of the collateral at the time of repossession was equal to the amount of the total debt that it secured. The burden to prove that the fair market value of the collateral was less than the debt will be upon the secured party. If the secured party meets this burden, he will be allowed to recover a deficiency judgment in an amount equal to the total debt minus the fair market value of the collateral as ultimately determined.
We approve the decision of the district court sub judice and disapprove Martin to the extent that it may conflict. We remand for further proceedings consistent herewith.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and SHAW, JJ., concur.
NOTES
[1] "Unless displaced by the particular provisions of this code the principles of law and equity ... shall supplement its provisions." § 671.103, Fla. Stat. (1983).