498 So.2d 920 (1986)
LANDMARK FIRST NATIONAL BANK OF FORT LAUDERDALE, Petitioner,
v.
GEPETTO'S TALE O' THE WHALE OF FORT LAUDERDALE, INC., et al., Respondents.
No. 68348.
Supreme Court of Florida.
December 4, 1986.
Constance G. Grayson of English, McCaughan & O'Bryan, Ft. Lauderdale, for petitioner.
John J. Murphy of Pallotto, Hayson and Murphy, Hollywood, for respondents.
*921 SHAW, Justice.
We have for review Gepetto's Tale O' the Whale v. Landmark First National Bank, 481 So.2d 1282 (Fla. 4th DCA 1986), which expressly and directly conflicts with Ayares-Eisenberg Perrine Datsun, Inc. v. Sun Bank, 455 So.2d 525 (Fla. 3d DCA 1984), and Bank of Oklahoma v. Little Judy Industries, Inc., 387 So.2d 1002 (Fla. 3d DCA 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Gepetto's Tale O' the Whale of Fort Lauderdale, Inc. (Gepetto's) borrowed $100,000 from Landmark First National Bank of Fort Lauderdale (Landmark) as evidenced by a promissory note secured by collateral and a guarantee agreement. Gepetto's defaulted on the loan and Landmark filed suit against Gepetto's and the guarantors (hereinafter respondents). Pursuant to a prejudgment writ of replevin, Landmark obtained possession of the collateral. A "final summary judgment" was entered against the respondents, establishing the amount of the indebtedness at $69,950.99, and ordering disposal of the collateral in a commercially reasonable manner, any sums received therefrom to be credited against the indebtedness. The court reserved jurisdiction for "enforcement and award of attorney fees." Landmark conducted a private sale, receiving $1,350 for the collateral which had secured the $100,000 loan three years prior to the sale.
The respondents filed a petition for accounting and setoff and later an amended petition for declaratory relief and setoff, praying that the judgment be declared satisfied. As grounds therefor, the respondents asserted that Landmark failed to give notice of the sale as required by section 679.504(3), Florida Statutes (1983),[*] and that Landmark sold the collateral in a commercially unreasonable manner. The trial court denied the petition, finding that the respondents had been provided a copy of the "final summary judgment" ordering the sale and that "no further specific notice was required." The Fourth District Court of Appeal reversed and remanded with instructions to declare the indebtedness satisfied, finding that "the bank's failure to comply with the statutory notice requirement precludes entry of a deficiency judgment." 481 So.2d at 1284.
Landmark now argues that it is not seeking a deficiency judgment, but rather, is exercising rights represented by the "final summary judgment." Landmark thus contends that it is exempt from the notice requirements of section 679.504(3), pursuant to section 679.104(8), which provides that chapter 679 does not apply to "a right represented by a judgment (other than a judgment taken on a right to payment which was collateral)."
The district court, however, noted that neither party has argued that the "[final summary] judgment," entered on February 17, 1982, resolved the litigation between the parties. Indeed, the language of the judgment indicates that it was an interim measure which anticipated future judicial adjustment after the bank disposed of the collateral. Thus, the second stage of litigation, initiated by the guarantors' [and Gepetto's] petition for an accounting and set off, is, in reality, an effort to establish a final deficiency judgment. That is how the parties tried it below and briefed the case on appeal.
481 So.2d at 1283. We find that the record supports the district court's opinion in this regard. Further, at oral argument before this Court, Landmark admitted that the finality of the "final summary judgment" had not been raised below. This argument has, therefore, been waived, and we proceed *922 with the merits as they were presented to the district court.
Landmark next argues that respondent's receipt of a copy of the "final summary judgment" was itself "reasonable notification of the time after which ... [the] private sale ... [was] to be made," as required by section 679.504(3). We cannot agree. The final summary judgment did not specify whether the sale was to be public or private. Without further notification as to the nature of the sale, respondents could not know what steps would be appropriate to protect their interests.
The district court found that the failure to give notice precluded Landmark from seeking a deficiency judgment. We rejected this approach in Weiner v. American Petrofina Marketing, Inc., 482 So.2d 1362 (Fla. 1986). Section 679.504(2), Florida Statutes (1983), provides that "[i]f the security interest secures an indebtedness, the secured party must account to the debtor for any surplus, and, unless otherwise agreed, the debtor is liable for any deficiency." We noted in Weiner that "[t]he code nowhere provides that the creditor loses his right to a deficiency judgment if he does not act in a commercially reasonable manner." Id. at 1364. The code does, however, provide to the debtor a remedy in that where a sale of collateral is conducted in a commercially unreasonable manner, the debtor may recover as damages, "the difference between the price obtained in a commercially unreasonable sale and the fair market value of the collateral[,] i.e.[,] what it should have brought in a commercially reasonable sale." 482 So.2d at 1364.
We found, however, in Weiner that the creditors' violation of the code should not place upon the debtor the burden of proving damages. We, thus, adopted the rule set forth in Norton v. National Bank of Commerce, 240 Ark. 143, 398 S.W.2d 538 (1966), that
when it has been determined that a secured party has disposed of collateral in a commercially unreasonable manner, there will arise a presumption that the fair market value of the collateral at the time of repossession was equal to the amount of the total debt that it secured. The burden to prove that the fair market value of the collateral was less than the debt will be upon the secured party. If the secured party meets this burden, he will be allowed to recover a deficiency judgment in an amount equal to the total debt minus the fair market value of the collateral as ultimately determined.
482 So.2d at 1365. Every aspect of the disposition of collateral by a secured party must be commercially reasonable. § 679.504(3). Notice is an integral aspect of whether the disposition is "commercially reasonable" under chapter 679. Accordingly, a sale conducted without prior notice cannot be considered commercially reasonable, and it, therefore falls within the "rebuttable presumption" rule of Weiner.
Landmark argues that the evidence presented to the circuit court adequately rebutts the Weiner presumption. We decline to make a determination on this issue. Weiner was not decided until after the appeal of this cause to the district court. Neither of the courts below addressed this aspect of the litigation. Further, we find that the parties did not have an opportunity to fully develop this issue. Accordingly, and for the reasons expressed herein, we quash the decision of the district court and remand to the trial court for further proceedings consistent herewith.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON and BARKETT, JJ., concur.
NOTES
[*] Section 679.504(3) of chapter 679, Florida Statutes (1983), known as the Uniform Commercial Code: Secured Transactions, states in part:

[R]easonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a conspicuous statement renouncing or modifying his right to notification of sale.