516 So.2d 337 (1987)
CSI SERVICES, LTD., Appellant,
v.
HAWKINS CONCRETE CONSTRUCTION COMPANY, a Florida Corporation, Hawkins Bridge Co., Inc., a Florida Corporation, and C.D. Hawkins, Appellees.
BR-293.
District Court of Appeal of Florida, First District.
December 10, 1987.
Stephen F. Bolton, of Moore, Hill & Westmoreland, Pensacola, for appellant.
Paul A. Rasmussen, of Eggen & Rasmussen, Pensacola, for appellees.
WIGGINTON, Judge.
Appellant appeals an amended final judgment denying it's request for a deficiency judgment against appellees, C.D. Hawkins *338 and Hawkins Bridge Co. We reverse and remand.
Without making determinations as to the other issues involved below, such as whether the collateral was sold by appellant for fair market value and whether a novation had occurred, the trial judge denied the deficiency judgment solely on the basis of the fact that appellant undisputedly failed to give Hawkins and Hawkins Bridge Co. notice of the sale of the collateral.
A secured party is required under section 679.504(3), Florida Statutes, to give notice of a sale of repossessed collateral and failure to give such notice generally renders a sale commercially unreasonable. See Landmark First National Bank of Fort Lauderdale v. Gepetto's, 498 So.2d 920 (Fla. 1986). However, that failure does not necessarily preclude entry of a deficiency judgment following the sale. As established in Weiner v. American Petrofina Marketing, Inc., 482 So.2d 1362 (Fla. 1986) and followed in Gepetto's:
When it has been determined that a secured party has disposed of collateral in a commercially unreasonable manner, there will arise a presumption that the fair market value of the collateral at the time of repossession was equal to the amount of the total debt that it secured. The burden to prove that the fair market value of the collateral was less than the debt will be upon the secured party. If the secured party meets this burden, he will be allowed to recover a deficiency judgment in an amount equal to the total debt minus the fair market value of the collateral as ultimately determined.
In Gepetto's, decided immediately prior to the date of the amended final judgment on appeal, the court specifically found that a sale conducted without prior notice cannot be considered commercially reasonable and it therefore falls within the "rebuttable presumption" rule of Weiner. In that case, the bank argued that the evidence presented to the trial court adequately rebutted the Weiner presumption. The court declined to make a determination on that issue but remanded to the trial court for further proceedings.
Thus, according to Weiner and Gepetto's, failure to give the requisite notice merely raises the rebuttable presumption that since the sale was commercially unreasonable, the secured party is not entitled to a deficiency judgment. However, if the secured party can overcome that presumption by showing that fair market value was obtained for the collateral and the value received was less than the debt, and if no other defenses are asserted and proven, the secured party is entitled to a deficiency judgment.
Therefore, we conclude that the trial judge erred in denying the deficiency judgment in this case solely on the basis of lack of notice without addressing appellant's rebuttal evidence. Following the Supreme Court in Weiner and Gepetto's, we reverse and remand to the trial judge for a reconsideration of appellant's entitlement to a deficiency judgment consistent with this opinion, including resolution of the fair market value issue and the novation defense.
REVERSED and REMANDED.
BOOTH and THOMPSON, JJ., concur.