**In re CONVENTION PRESS, INC., Debtor.**

**Bankruptcy No. 86–856–BK–J–11.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 18, 1988.

Albert H. Mickler, Jacksonville, Fla., for debtor.

E. Robert Meek, Jacksonville, Fla., for Autolease.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO CLAIM NO. 40 OF AUTOLEASE

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon debtor's objection to the proof of claim number 40 filed by Autolease Corporation of Florida ("Autolease"). In this claim, Autolease seeks to recover a deficiency resulting from the sale of four leased vehicles after repossession from the debtor. The debtor contends that Autolease failed to sell the vehicles in a commercially reasonable manner and is barred from recovering a deficiency. A hearing on the objection was held January 12, 1988, and upon the evidence presented, the Court enters the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On August 1, 1986, the debtor filed a motion to reject, pursuant to 11 U.S.C. § 365, four leases dated December 20, 1983 (for a 1984 Buick Park Avenue); September 11, 1984 (for a 1983 Chevrolet Van); December 26, 1984 (for a 1985 Chevrolet Cavalier Wagon); and February 18, 1985 (for a 1985 Chevrolet Caprice Wagon). The leases were open-end leases calling for monthly payments by the lessee.

2. On September 16, 1986, this Court entered an Order Granting Debtor's Motion to Reject the Leases and provided that Autolease could file a Proof of Claim for any damages occasioned by the breach.

3. Thereafter, the debtor voluntarily returned the four vehicles to Autolease. Autolease treated the leases as being terminated and sold the vehicles to an automobile dealership at a private sale, without further notice of resale or termination being given to the debtor.

4. Proof of Claim Number 40 was filed by Autolease on October 10, 1986. In that proof of claim, Autolease sought to recover $20,575.79 as a deficiency resulting from the sale of the leased vehicles. The debtor filed an objection to this claim.

5. At the hearing, Autolease voluntarily amended the claim to reflect damages of $10,046.80. It arrived at this sum by subtracting the sales price of each vehicle from the depreciated value as scheduled.

6. The Debtor contends that Autolease was required as a matter of law to give notice to the debtor of the impending sale and that the failure bars a deficiency judgment. Alternatively, debtor argues that Autolease failed to present sufficient evidence as to the fair market value of the vehicles and is barred from recovering a deficiency judgment.

## CONCLUSIONS OF LAW

1. 11 U.S.C. § 365(a) provides that: "... the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." Pursuant to this section, the debtor filed a motion to reject the four unexpired leases, and the Court granted the motion.

2. Under federal law, the rejection of a lease under § 365(a) constitutes a breach of contract entitling the lessor to claim damages. Specifically, § 365(g) provides that:

... the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease ...

Furthermore, § 502(g) states:

A claim arising from the rejection, under section 365 of this title or under a plan under chapter 9, 11, 12, or 13 of this title, of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

The validity and amount of any claim are then determined in accordance with state law. *In the Matter of Sparkman,* 703 F.2d 1097, 1099 (9th Cir.1983).

3. Section 679.501(1), *Florida Statutes,* provides that when a debtor is in default, a secured party has, in addition to the rights provided in the security agreement, all the rights and remedies as provided in Florida's version of Article 9 of the Uniform Commercial Code. Section 679.101 *et seq., Florida Statutes.*

4. Included within those rights is the secured party's right to dispose of collateral upon default and to recover a deficiency judgment if certain conditions are met. Those conditions are set forth in § 679.504(3), which provides:

Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms, but every aspect of the disposition including method, manner, time, place, and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value ..., reasonable notification of the time and place of any private

sale or other intended disposition is to be made shall be sent by the secured party to the debtor....

The requirements that there be a "commercially reasonable" sale and that "notification of the sale be sent to the debtor from the secured party," are applicable to the disposition of the four vehicles and both must be proven before Autolease is entitled to a deficiency judgment.

5. The right to a deficiency judgment is in derogation of the common law and will be authorized only after strict compliance with the statute. *Dependable Ins. Co. v. Landers*, 421 So.2d 175 (Fla. 5th DCA 1982).

6. The statute specifically provides that every aspect of the disposition must be commercially reasonable. F.S. 679.503(3). The Florida Supreme Court has interpreted this provision to include notice, as an integral part of the "commercially reasonable" disposition requirement. *Landmark First National Bank of Fort Lauderdale v. Gepetto's Tale O'the Whale of Fort Lauderdale, Inc.*, 498 So.2d 920, 922 (Fla.1986). Consequently, where a sale is conducted without prior notice it will not be considered commercially reasonable. *Id.* at 922.

7. Earlier court decisions held that where a party fails to give proper notice, the secured party is prohibited from recovering a deficiency judgment. *See e.g., Peoples Bank of Polk County v. Roberts*, 779 F.2d 1544 (11th Cir.1986); *Matter of Forest Enterprises, Inc.*, 64 B.R. 310 (Bkrptcy.M. D.Fla.1986); *Hayes v. Ring Power Corp.*, 431 So.2d 226 (Fla. 1st DCA 1983); *Thomas v. Sutherland*, 370 So.2d 12 (Fla. 1st DCA 1978). However, in *Weiner v. American Petrofina Marketing, Inc.*, 482 So.2d 1362 (Fla.1986) the Florida Supreme Court rejected this notion and held that the failure to provide adequate notice does not in and of itself bar a deficiency judgment. Rather, it merely shifts the burden to the secured party to show that the fair market value of the collateral is less than the secured debt. Says the Court:

[W]hen it has been determined that a secured party has disposed of collateral in a commercially unreasonable manner, there will arise a presumption that the fair market value of the collateral at the time of repossession was equal to the amount of the total debt that it secured. The burden to prove that the fair market value of the collateral was less than the debt will be upon the secured party. If the secured party meets this burden, he will be allowed to recover a deficiency judgment in an amount equal to the total debt minus the fair market value of the collateral as ultimately determined.

*Id.* at 1365. Presumably then, the results reached in those earlier decisions will have changed.

8. In the present case, Autolease repossessed the four leased vehicles and sold them without any prior notification to the debtor. Under Florida law, the sale cannot then be considered commercially reasonable. It was incumbent therefore for Autolease to overcome the presumption and show that the fair market value of the collateral was less than the amount owed.

In an effort to meet this burden, Autolease presented evidence as to the depreciated value and sales price of the four vehicles. However, it failed to provide sufficient evidence as to the fair market value of the vehicles. In light thereof, the Court concludes that Autolease has failed to satisfy its burden of proof and is not entitled to recover a deficiency judgment.

Debtor's Objection to Claim Number 40 will be sustained and the Court will enter a separate order in accordance with these findings.