INGERSOLL–RAND FINANCIAL
CORPORATION, Plaintiff,

v.

ATLANTIC MANAGEMENT AND
CONSULTING CORP., et al.,
Defendants.

Civ. A. No. 87–1375.

United States District Court,
D. New Jersey.

Aug. 17, 1989.

Joseph L. Cook, Mitchell B. Seidman, and Bruce Buechler, Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Roseland, N.J., for plaintiff.

Lawrence R. Heller and William J. Barnes, Gilbride, Heller & Brown, P.A., Miami, Fla., for defendants.

## OPINION

POLITAN, District Judge.

This matter comes before the Court on plaintiff's motion for summary judgment against Belnova Associates ("Belnova"), a Florida limited partnership and Florida Eastern Development and Management

Corp. ("FED"). Also before the Court are defendants Harry Schreiber, Atlantic Management and Consulting Corporation, Belnova, and FED's motion to stay or abate this action pending plaintiff's disposition and liquidation of certain promissory notes at issue.

Belnova is a limited partnership formed originally to purchase and develop certain real property. In June of 1985, Ingersoll–Rand Financial Corporation ("IRFC") loaned Belnova the sum of $1,470,000. Belnova signed a promissory note in which, Belnova unconditionally promised to pay to the order of IRFC the above amount plus interest. Belnova has defaulted on its obligation to IRFC. The note contains an acceleration clause which states that IRFC may, upon a demand for acceleration, declare the entire amount due and owing and recover the entire obligation plus interest and late charges. The note further provides that upon default, IRFC is entitled to costs and attorneys' fees incurred in the collection under the note. IRFC has made a demand for acceleration upon Belnova and now seeks summary judgment for breach of contract and for Belnova's liability as maker of the note.

Belnova was funded in part by the sale of 22 investor promissory notes which were sold to various investors. These investor notes were negotiated by Belnova to FED. FED then indorsed 14 of these investor notes as collateral security to First National Bank of Palm Beach in Palm Beach County, Florida, which was the interim lender for the Belnova project. This assignment contained an express provision that the assignment was to be "construed in accordance with the laws of Florida." At the time of the Belnova–IRFC loan closing, these 14 notes were indorsed over to IRFC by First National Bank. The remaining 8 notes were indorsed directly by FED to IRFC. FED has defaulted on its obligations as an indorser and IRFC has accelerated the amount due and owing. IRFC seeks judgment from FED for the principal amount owed, plus interest, late charges

and attorneys' fees and costs due under the individual investors notes based upon FED's indorsement.

Basically, neither Belnova nor FED dispute liability under the notes. Both defendants take issue with the timing of IRFC's demand. Defendants argue that IRFC's motion should be denied because IRFC has taken steps to satisfy its debt by attempting to foreclose on its collateral. IRFC has contacted investors with regard to their making payments directly to IRFC and has, when investors have defaulted, initiated suit against them for payment. Defendants contend that the plaintiff cannot seek alternative remedies until this avenue of recovery is pursued to fruition and a deficiency in the amount collected is demonstrated. In this vein, defendants have moved to have the action stayed or abated until the collateral is disposed of and a deficiency is proven.

■ As an initial matter the Court must determine which law to apply. IRFC asserts that because this action involves payment to a New Jersey institution in New Jersey, New Jersey law should govern. FED, however, states that Florida law should control because their transactions occurred in Florida and the assignment between it and First National Bank contained a Florida choice of law clause.[1]

Federal Courts sitting in diversity actions must look to the forum state's choice of law to determine which state's law applies. *Klaxton Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Blakesley v. Wolford*, 789 F.2d 236, 238 (3d Cir.1986). Under New Jersey law, the validity of a contract is governed by the law of the place of contracting. *See Ingersoll–Rand Financial Corp. v. Anderson*, No. 86–4036, Slip Op. at 6 (D.N.J. April 13, 1987); *Jaclyn, Inc. v. Edison Brothers Stores, Inc.*, 170 N.J.Super. 334, 348, 406 A.2d 474 (Law Div.1979). In New Jersey, if a note is made payable in a certain place,

---

**1.** Belnova does not affirmatively participate in the choice of law arguments because the promissory note entered into between IRFC and Bel-

nova contains a clause stating that New Jersey law shall apply.

"it is to be treated in all respects as if made there without regard to the place where it is dated or delivered." *Commercial Credit Corp. v. Boyko,* 103 N.J.L. 620, 626, 137 A. 534 (E. & A.1927). *See also Anderson,* Slip Op. at 7 (analyzing which law to apply to interpret an Acknowledgment and Agreement entered into between IRFC and certain individual investors of another limited partnership and concluding that because payment was to be made in New Jersey, New Jersey law applied).

Defendants assert that because the cause of action concerns FED in its capacity as indorser of promissory notes delivered in Florida to a Florida limited partnership with payments thereunder to be made in Florida, Florida law should govern. Defendants then state that under Florida law, a creditor may not simultaneously pursue satisfaction of a debt by taking action against both the maker and/or guarantor of the underlying obligation and at the same time proceed against any collateral security in its possession.[2] The Court, however, does not have to utilize Florida law. It is clear that under these circumstances, New Jersey law governs. The instant action concerns IRFC, a New Jersey plaintiff and notes which were assigned over to it with payments to be made in New Jersey. It is irrelevant that prior to IRFC's entry into the picture, all of the principals involved in this arrangement were Florida based. The Court is concerned with the specific transaction which gives rise to this cause of action; that is, the assignment of the notes to IRFC as security for the substantial loan IRFC extended to Belnova. Payments pursuant to this assignment were to be made in New Jersey.

■ With respect to Belnova, the partnership note executed between IRFC and Belnova contained a provision specifically stating that New Jersey law shall apply. It is well settled that parties may consent

to the jurisdiction and laws of a state and that such a selection will be upheld unless it is "unfair, unreasonable or against the public policy of the forum state." *Air Economy Corp. v. Aero Flow Dynamics, Inc.,* 122 N.J.Super. 456, 457, 300 A.2d 856 (App.Div.1973). Therefore, I will apply New Jersey law.

■ I am satisfied that under New Jersey's codification of the U.C.C. plaintiff can obtain a judgment against both Belnova and FED at this juncture and need not wait until a deficiency is demonstrated.

■ IRFC's status with respect to Belnova is that of a secured creditor. As such, it is governed by Article Nine of the Uniform Commercial Code. N.J.Stat.Ann. 12A:9–501 states:

(1) When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this Subchapter.... He may reduce his claim to judgment, foreclosure or otherwise enforce the security interest by any available judicial procedure ... *The rights and remedies referred to in this subsection are cumulative.* (emphasis added).

Moreover, the Partnership Note at issue specifically provides that:

The remedies of the Lender under this Note are cumulative, are in addition to any other remedies provided by for [sic] law or in equity, and may, to the extent permitted by law, be exercised concurrently, or separately, and the exercise of any one remedy shall not be deemed an election of such remedy or to preclude the exercise of any other remedy.

Both under the Partnership Note and by statute, IRFC's remedies are cumulative and not mutually exclusive. As the New Jersey Study Comment to U.C.C. section 9–501 states: "[a]ll rights and remedies are cumulative, not alternatives." Defendants seek to have this Court interpret cumula-

---

**2.** Defendants cite this Court to *Ayares-Eisenberg Perrine v. Sun Bank,* 455 So.2d 525, 527 (Fla. Dist.Ct.App.1984), a Third District Opinion for this proposition. However, the various Florida judicial districts seem to be in conflict over this issue. *See Gepetto's Tale O' The Whale v. Land-* *mark First National Bank,* 481 So.2d 1282 (Fla. Dist.Ct.App.1986), a Fourth District Opinion which, in describing the procedural posture of the case noted that "[h]ere, however, the bank pursued all of its remedies simultaneously and prevailed on all fronts". *Id.* at 1283.

tive as meaning that election of one remedy precludes the election of another. That meaning is directly contrary to the Study Comment and will not be seriously entertained by this Court. As this Court has stated before, albeit in another context, "[w]ords mean what they mean and not what we want them to mean." *Refac International Ltd. v. IBM*, 689 F.Supp. 422, 430 (D.N.J.1988). By electing to sue the individual investors, IRFC has neither abandoned nor postponed the option of suing Belnova as the maker of the note or FED as a prior indorser.

Moreover, this Court explicitly rejects the doctrine enunciated in *Ayares* that "once a secured creditor has chosen a remedy he must pursue it to fruition and only when the chosen remedy proves unsuccessful may he attempt the satisfaction of his debt by another method." *Ayares–Eisenberg Perrine v. Sun Bank*, 455 So.2d 525, 527 (Fla.Dist.Ct.App.1984). This Court is satisfied that cumulative remedies allow the secured creditor the option of pursuing all avenues of recovery simultaneously. *See Ingersoll–Rand Financial Corp. v. Electro Coal Inc.*, 496 F.Supp. 1289 (E.D. Ky.1980) (applying Kentucky law permitting simultaneous recovery). Moreover, the concerns expressed in *Ayares* and in J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code*, § 26–4 (1988) which involve "double barreled attacks" upon the debtor are not applicable to the instant case. While it might be argued that a debtor in possession might be subjected to a "double barrelled attack" were the creditor to seek to foreclose the security and sue on the note obligation, this is clearly not the case at bar. Here, the collateral is the individual promissory notes executed by third parties. In any event, such an argument flies in the face of the clearly permissive statutory language. Moreover, it does not offend traditional notions of fair play, nor orderly judicial process, to permit the creditor to simultaneously seek recovery of the debt either through the collateral, in this case the promissory notes, or directly against the debtor under the overall loan agreement.

■ Lastly, defendants state that IRFC did not initially name Belnova as a defendant in this suit and it elected, to its detriment, to pursue its collateral instead. What defendants do not mention is that IRFC could not name Belnova as a defendant because Belnova was in the process of going through a Chapter 11 bankruptcy proceeding thus staying IRFC from instituting a collection suit against it. Further, it is interesting to note that in those proceedings, IRFC was not named as a creditor of Belnova.

As Belnova has offered no defense to liability on the note except the timing of IRFC's demand, and having rejected that defense, summary judgment is appropriate.

■ The relationship governing IRFC and FED differs from the relationship between IRFC and Belnova. The only legal connection between IRFC and FED is that FED is a prior indorser of the investor notes. FED has breached its contract of indorsement on the individual investor notes and is liable to plaintiff for principal, interest, late charges and attorneys fees. Indorsement is governed by N.J.S.A. section 12A:3–414 which states:

> Unless the indorsement otherwise specifies, every indorser engages that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor at the time of its indorsement to the holder or to any subsequent indorser who takes it up, even though the indorser who takes it up was not obligated to do so.

The investor notes provide that presentment and notice of dishonor are not required upon a default. Moreover, FED did not place any restrictive language upon the indorsement such as "without recourse" to limit its liability upon a default. FED has defaulted on its obligation as an indorser of these investor notes and has no legal defenses. Accordingly, plaintiff is entitled to summary judgment against FED in its capacity as indorser of the individual investor notes.

For the reasons outlined herein, summary judgment is GRANTED against both Belnova and FED for the principal amount

plus interest, late charges, attorneys' fees and costs. Similarly, the motion to stay and abate the action pending complete disposition and liquidation of the promissory notes is DENIED.

Plaintiff is directed to file and serve, within 20 days of this Opinion appropriate affidavits setting forth the exact amount sought as against Belnova and FED. Defendants will have ten (10) days to respond. After a review of these submissions, the Court will enter an appropriate judgment.