553 So.2d 284 (1989)
Renee ADLER and Melvin H. Adler, Individually and Jointly, Appellants,
v.
KEY FINANCIAL SERVICES, INC., Appellee.
No. 89-719.
District Court of Appeal of Florida, Third District.
November 28, 1989.
L. Anton Rebalko, Ft. Lauderdale, for appellants.
Hiscock & Barclay and Daniel F. Mantzaris, Orlando, for appellee.
Before FERGUSON, COPE and GERSTEN, JJ.
COPE, Judge.
Renee and Melvin Adler appeal a summary judgment entered against them as guarantors of an aircraft loan made by appellee Key Financial Services, Inc., to the Adlers' closely-held corporation, Rene Air, Inc. After Rene Air defaulted on the loan, the appellee lender repossessed and sold the aircraft, then sued the Adlers for a deficiency judgment. The Adlers contend that summary judgment should not have been entered because disputed issues of material fact exist with respect to the lender's compliance with the requirement of the Uniform Commercial Code to give reasonable notice of the disposition of the collateral. *285 See § 679.504(3), Fla. Stat. (1987). We agree and reverse.[1]
As guarantors of the corporate note, the Adlers were entitled to reasonable notification of the intended disposition of the collateral. Id. § 679.504(3) (notification must be sent to debtor); id. § 679.105(1)(d) ("debtor" defined); J. White & R. Summers, Uniform Commercial Code § 27-12, at 604 (3d ed. 1988) (definition of "debtor" under UCC includes guarantors). The Adlers' address, as typed in the body of the personal guaranties, included the street address and apartment number. At the end of each guaranty the notary hand wrote their address in the jurat, but omitted the apartment number. The lender's notice was directed to the latter address, which omitted the apartment number. According to the Adlers' affidavits, the address is for a large condominium complex, in which mail is not normally delivered if it is not addressed to a specific apartment. For purposes of summary judgment, the Adlers' sworn statements that they did not actually receive notice, and that the nondelivery was attributable to the form of address, are taken as true.
Under the Uniform Commercial Code, "[a] person `notifies' or `gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it." § 671.201(26), Fla. Stat. (1987). There is a disputed issue of material fact regarding whether the lender acted reasonably by failing to use the complete, typed address contained within the body of the guaranties. On this record summary judgment should not have been entered.
The Adlers have requested attorney's fees on appeal pursuant to subsection 57.105(2), Florida Statutes (Supp. 1988), and section 59.46, Florida Statutes (1987). We deny the request. First, subsection 57.105(2), which provides for mutuality of contractual attorney's fees, is effective only for contracts entered into October 1, 1988 and thereafter. Since the contracts at issue here were executed prior to that date, and provide for attorney's fees only for the creditor, subsection 57.105(2) affords no basis for an award of attorney's fees to the Adlers. Second, even if there were a statutory or contractual basis, the Adlers at this stage have prevailed on appeal but have not prevailed in the action.
Reversed and remanded.
NOTES
[1] For the effect of a failure to give reasonable notice of the intended disposition of collateral, see § 679.507, Fla. Stat. (1987); Landmark First Nat. Bank v. Gepetto's Tale o' the Whale, 498 So.2d 920, 922 (Fla. 1986); Weiner v. American Petrofina Marketing, Inc., 482 So.2d 1362 (Fla. 1986).