PER CURIAM.
On or about October 16, 1984, appellant, Vito’s Trucking & Excavating Company, entered into a contract to purchase a hydraulic excavator for the sum of $850,000 from Florida Georgia Tractor & Equipment Company. The contract was signed for appellant by Louis Stramaglia, Vice President. The contract provides that the person signing the contract on behalf of the customer personally guaranteed the customer’s performance and payment of all sums due by Florida Georgia Tractor & Equipment Company. In January Florida Georgia assigned said contract to appellee, Marubeni American Corporation, which received payments under the contract until Marubeni declared appellant in default and repossessed the machine on April 9, 1987. Marubeni sold the machine to its parent company for $659,000 and transshipped the machine to Guam for delivery to the parent company’s purchaser.
This action was commenced by Marubeni against Louis Stramaglia and Vito’s Trucking & Excavating Company by a complaint for breach of contract, an account stated, and for goods sold. Appellants answered, denying that Stramaglia was personally liable; denying that Vito’s breached the contract; and affirmatively charging appellee with a breach of the contract by failing to deliver the machine contracted for. After *157 a non-jury trial, the court entered judgment in favor of appellee and appellants perfected this appeal.
Appellants have presented ten points on appeal, all of which we have carefully considered, but find no reversible error demonstrated.
Several of the appellate points challenge the validity of Marubeni’s sale of the machine under section 679.504(3), Florida Statutes, as being commercially unreasonable, thus shifting the burden of proof to the appellee to prove the fair market value of the property in order to be entitled to recover a deficiency judgment. Section 679.504(3) generally requires a secured party, in selling the security, absent certain exceptions inapplicable here, to give reasonable notification of the time and place of any public sale or notice of the time after which a private sale is to be made. In our opinion, the evidence of notice in this case was hardly adequate to meet the letter, if not the spirit, of the statute. There was not any question that Vito’s was in default and that Marubeni intended to repossess the machine. However, the sum and substance of the evidence of notice of the sale was a ten-minute conversation between Marubeni’s project manager and Stramaglia, wherein the former advised the latter that he was there to pick up the machine for which he believed he had a sale. Later, on May 7,1987, Marubeni sent Vito's a letter which stated that Marubeni “intends to ship the machine from Florida during the week of May 11, 1987, for delivery and sale FOB Los Angeles during the following week at a price of U.S. $600,000.” The May 7th letter was mailed to Vito’s in Michigan and the shipping date was the eleventh. If, under these facts, the sale was commercially unreasonable within the purview of the Uniform Commercial Code, the debtor, Marubeni, may still be entitled to a deficiency if the fair market value of the property was less than the balance due on the contract. Weiner v. American Petrofina Marketing, Inc., 482 So.2d 1362 (Fla.1986). The uncontradicted evidence adduced by Marubeni showed the market value of the machine to be substantially less than the amount due on the contract and thus entitlement to a deficiency.
Finding no demonstration of reversible error, we affirm the judgment appealed from.
DOWNEY, ANSTEAD and WALDEN, JJ., concur.