604 So.2d 1286 (1992)
FIRST FLORIDA BANK, N.A., Appellant,
v.
Larry R. HOWARD and Larry U. Howard, Appellees.
No. 92-189.
District Court of Appeal of Florida, Fifth District.
September 11, 1992.
*1287 Robert L. McDonald, Jr. of Cramer, Haber, McDonald & Levine, P.A., Tampa, for appellant.
No appearance for appellees.
DIAMANTIS, Judge.
Appellant First National Bank, N.A. (Bank) appeals an amended final judgment denying its request for a deficiency judgment against appellee Larry U. Howard. We reverse and remand.
Following the repossession and sale of a vehicle which was collateral for a promissory note executed by appellees Larry R. Howard and Larry U. Howard, the Bank sought a deficiency judgment against the appellees. The trial court granted a deficiency judgment against Larry R. Howard but denied the Bank's request for a deficiency judgment against Larry U. Howard because the Bank failed to give him notice of the sale of the collateral.[1]
Section 679.504(3), Florida Statutes (1991) requires a secured party to give notice of a sale of repossessed collateral. While the failure to give such notice generally renders a sale commercially unreasonable, that failure does not necessarily preclude entry of a deficiency judgment following the sale. See Landmark First National Bank of Fort Lauderdale v. Gepetto's Tale O' The Whale of Fort Lauderdale, Inc., 498 So.2d 920, 922 (Fla. 1986); CSI Services, Ltd. v. Hawkins Concrete Construction Company, 516 So.2d 337, 338 (Fla. 1st DCA 1987). The court in Landmark First National Bank quoted from its prior opinion in Weiner v. American Petrofina Marketing, Inc., 482 So.2d 1362 (Fla. 1986), wherein the court adopted the rule set forth in Norton v. National Bank of Commerce of Pine Bluff, 240 Ark. 143, 398 S.W.2d 538 (1966), that
... when it has been determined that a secured party has disposed of collateral in a commercially unreasonable manner, there will arise a presumption that the fair market value of the collateral at the time of repossession was equal to the amount of the total debt that it secured. The burden to prove that the fair market *1288 value of the collateral was less than the debt will be upon the secured party. If the secured party meets this burden, he will be allowed to recover a deficiency judgment in an amount equal to the total debt minus the fair market value of the collateral as ultimately determined.
Landmark, 498 So.2d at 922.
Thus, failure to give the requisite notice raises only a rebuttable presumption that the sale in this case was commercially unreasonable which would preclude a deficiency judgment. However, if the Bank can overcome this presumption by making the requisite showing required by Landmark First National Bank and Weiner, and if no other defenses are asserted and proven, the Bank would be entitled to a deficiency. Because the lower court did not afford the Bank the opportunity to present rebuttal evidence concerning the fair market value of the collateral at the time of repossession, on remand both parties shall be given an opportunity to present such evidence.
Accordingly, we reverse that portion of the amended final judgment which denies the bank a deficiency judgment against Larry U. Howard and remand for further proceedings consistent with this opinion.
REVERSED in part; REMANDED.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] The lower court also stated in its judgment that Larry U. Howard informed the court that he would have redeemed the property or reduced the deficiency had he been provided with notice of the sale.