611 So.2d 1333 (1993)
David J. GANGELHOFF, d/b/a Gulf Marine of Clearwater, and David J. Gangelhoff, Individually, Appellants,
v.
TRANSAMERICA COMMERCIAL FINANCE CORPORATION, Appellee.
No. 92-00241.
District Court of Appeal of Florida, Second District.
January 13, 1993.
*1334 William W. Wilhelm, Clearwater, for appellants.
John C. Dew and Gail F. Moulds of Harris, Barrett, Mann & Dew, St. Petersburg, for appellee.
FRANK, Judge.
David Gangelhoff, the owner of Gulf Marine of Florida, has appealed from a final summary judgment in favor of Transamerica Commercial Finance Corporation. The court awarded Transamerica a deficiency judgment of over $100,000, together with interest, costs, and attorney's fees, for a total judgment of $133,817.87. This judgment was entered after Transamerica sold the collateral it had repossessed from Gulf Marine. Because there exists an issue of fact concerning the commercial reasonableness of the sale, we reverse.
Gulf Marine sold boats and engines. Gangelhoff, as owner of Gulf Marine, had executed an inventory security agreement and personal guaranty with Borg Warner Acceptance Corporation, the predecessor of Transamerica Commercial Finance Corporation. When Gangelhoff defaulted under the agreement, Transamerica sought to replevy the property. The court entered an order authorizing a writ of replevin and granted a break order. The collateral was repossessed and eventually sold. When Transamerica sought a deficiency judgment, Gangelhoff filed two affidavits in opposition, alleging that Transamerica had not notified him of the sale and that the price received by Transamerica represented only 39% of the wholesale value of the goods.
In the summary final judgment the court states that there is no genuine issue as to any material fact. Under the circumstances before us, however, Gangelhoff's affidavit was sufficient to raise the question of whether the sale was commercially reasonable under section 679.504, Florida Statutes (1989). Transamerica's failure to give Gangelhoff notice raises a presumption that the sale was commercially unreasonable. CSI Service, Ltd. v. Hawkins Concrete Construction Co., 516 So.2d 337 (Fla. 1st DCA 1987). Moreover, a further presumption is that the fair market value of the collateral at the time of repossession was equal to the total secured debt. Weiner v. American Petrofina Marketing, Inc., 482 So.2d 1362 (Fla. 1986). According to Weiner, the creditor would be entitled to a deficiency judgment if it could overcome that presumption by showing that the amount actually received was equal to fair market value and that the proceeds of the sale were less than the debt. See Ford Motor Credit Co. v. Jones, 584 So.2d 205 (Fla. 2d DCA 1991).
Thus, our review of the record indicates that genuine issues of material fact surround the commercial reasonableness of the sale and summary judgment was improper.
We reverse and remand for further proceedings consistent with this opinion.
DANAHY, A.C.J., and CAMPBELL, J., concur.